### BONE v BONE

Docket No. 81131. Submitted November 15, 1985, at Detroit.—Decided February 4, 1986.

Plaintiff, Barbara Bone, and defendant, Jerry N. Bone, were divorced by order of the Wayne Circuit Court, William J. Giovan, J. Plaintiff appealed from the property settlement provisions of the divorce judgment and from the court's denial of attorney fees. *Held:*

1. The trial court's findings and property settlement provisions are free of error, and the court did not abuse its discretion in its effort to arrive at an equitable property settlement.

2. The trial court properly considered defendant's retirement funds and stock holdings acquired during the marriage as marital assets and made its equitable property division taking those marital assets into account.

3. An award of attorney fees is merited where the parties' incomes and assets are disproportionate and where the issues are real and difficult. Plaintiff is entitled to attorney fees under either test and is awarded $3,000 toward her attorney fees, payable by defendant within 30 days of the release date of this opinion.

Affirmed in part and modified in part.

1. DIVORCE — DIVISION OF PROPERTY — APPEAL.

The Court of Appeals reviews property settlements in divorce cases *de novo* on the record, but does not substitute its judgment for that of the trial court unless convinced that the trial court abused its discretion.

#### REFERENCES

Am Jur 2d, Appeal and Error § 868.

Am Jur 2d, Divorce and Separation §§ 25 *et seq.,* 589, 591, 897, 901, 902, 905 *et seq.,* 930.

Divorce: equitable distribution doctrine. 41 ALR4th 481.

Authority of divorce court to award prospective or anticipative attorneys' fees to enable parties to maintain or defend divorce suit. 22 ALR4th 407.

Pension or retirement benefits as subject to award or division by court in settlement of property rights between spouses. 94 ALR3d 176.

2. DIVORCE — DIVISION OF PROPERTY.

    A trial court has great discretion in the adjustment of property rights upon divorce; the objective in arriving at a property settlement is to attain a division which is fair and equitable in light of all the circumstances.

3. DIVORCE — DIVISION OF PROPERTY — MARITAL ASSETS.

    A court in dividing marital assets in a divorce action must consider several factors, including the duration of the marriage, contributions of the parties to the joint estate, the parties' station in life and earning abilities, and fault or past conduct.

4. DIVORCE — DIVISION OF PROPERTY — RETIREMENT FUND PAYROLL CONTRIBUTIONS — COMMON STOCK.

    Retirement fund payroll contributions made during a marriage and common stock purchased through payroll deductions during a marriage are marital assets which must be included in the marital estate by a court when dividing the marital assets in a divorce action; the inclusion of such items in the marital estate does not require their division between the parties if there are other ways to attain an equitable division of assets.

5. DIVORCE — ATTORNEY FEES.

    An award of attorney fees in a divorce action rests within the sound discretion of the trial court.

6. DIVORCE — ATTORNEY FEES.

    An award of attorney fees is merited in a divorce action where the parties' incomes and assets are disproportionate and where the issues are real and difficult.

*Margaret Barton,* for plaintiff.

*John P. Ogurek,* for defendant.

Before: BEASLEY, P.J., and V. J. BRENNAN and CYNAR, JJ.

PER CURIAM. Plaintiff, Barbara Bone, appeals from the property settlement provisions of a 1984 divorce judgment which terminated her May, 1978, marriage to defendant, Jerry N. Bone. Plaintiff also appeals from the trial court's denial of attorney fees.

In granting the divorce judgment, the trial judge found that neither party was more at fault for the breakdown of the marriage. Thus, fault was not a factor in arriving at a fair and equitable property settlement. In deciding how to divide the property, the trial judge noted that the parties had lived together as husband and wife for about four and one-half years, having separated in late 1982.

The trial judge also found that plaintiff had acquired property prior to the marriage which consisted of an unencumbered house worth $45,000, a bank account with a balance of around $4,000, an unencumbered 1973 Pontiac automobile (which plaintiff gave away sometime after the 1978 marriage), and various household furnishings. Plaintiff was employed thoughout the marriage, earning an income of $10,000 per year at the start of the marriage and $15,000 per year by the end of the marriage.

The record reveals that defendant had acquired property interests prior to the marriage which consisted of a house, a summer cottage, and a structured annuity of $50,000 per year provided by the settlement of a damage claim arising out of the accidental death of defendant's previous wife and their daughter. Defendant was employed throughout the marriage at an average income of approximately $34,000 per year.

During the marriage, plaintiff and defendant acquired additional property consisting of two parcels of recreational property in Texas worth $50,000, a house worth $100,000 encumbered by a $50,000 mortgage, a 1982 Oldsmobile with $7,000 still owed, a Cadillac, a $24,000 account with Merrill Lynch, a $1,500 joint bank account, and $650 in savings bonds. Defendant, due to his employment during the four and one-half year marriage, added $4,000 in contributions to his retire-

ment fund and $13,000 in his holdings of his employer's common stock.

In addition, the unencumbered house owned by plaintiff prior to the marriage was remortgaged in the amount of $22,000. The record reveals that this $22,000 was used to pay back a loan which defendant had obtained and to pay at least $5,000 of plaintiff's medical expenses during the marriage which were not covered by insurance. Plaintiff suffered from a breast cancer condition which existed prior to the marriage. During the marriage, plaintiff rented out the house she had acquired prior to the marriage, which rental yielded a gross revenue of $425 per month.

A review of the record reveals that the trial judge considered all of the marital assets in making his property settlement determination. Specifically, the trial judge found, and plaintiff admits on appeal, that the real estate acquired during the marriage and the $24,000 Merrill Lynch account were paid for out of defendant's annuity income.

In this case, the difficult issue for the trial judge was how to treat defendant's annuity income. He commented that, beyond the real estate acquisitions, plaintiff benefitted substantially from defendant's annuity income during the marriage and enjoyed a material standard of living beyond what she could otherwise have afforded, which fact is, of course, largely irrelevant. Plaintiff did contribute her income to the parties' joint account during the marriage.

The trial judge concluded that he should try to put plaintiff in a position essentially equivalent to that at which she entered the marriage. We are not inclined to favor this approach to a property settlement. It partakes of a suit for rescission rather than the dissolution of a marriage. The property settlement is more correctly couched in

terms of what happened during the marriage, *i.e.,* an equitable division of any increase in net worth that may have occurred between the beginning and the end of the marriage.

However, rather than to reverse on this basis, we look to the trial judge's result. He ordered defendant to pay off the mortgage and $3,000 in taxes due on the house which plaintiff had acquired prior to the marriage, and that plaintiff would retain sole ownership of this unencumbered house. Plaintiff also received the 1982 Oldsmobile, with defendant required to pay off the $7,000 still owed. Additionally, plaintiff received one-half of the joint bank account and savings bonds, as well as the household furniture which she had already removed from the marital home. Defendant received all of the remaining assets, including his pension fund and employer common stock interests. Neither party was awarded alimony or attorney fees.

On appeal, this court reviews property settlements in divorce cases *de novo* on the record. We do not substitute our judgment for that of the trial court unless we are convinced that an abuse of discretion has occurred.[1] The trial court has great discretion in the adjustment of property rights upon divorce. The objective in arriving at a property settlement is to reach a fair and equitable division in light of all the circumstances. There are no set mathematical formulas governing a division of property. The division does not have to be equal, but it must not be inequitable.[2] In making the division, the trial judge must examine several factors: the duration of the marriage, contributions of the parties to the joint estate, the parties' station in life and earning abilities, fault

---

[1] *Gregg v Gregg,* 133 Mich App 23, 26; 348 NW2d 295 (1984).

[2] *Id.*

or past misconduct, and other equitable circumstances.[3]

In applying these factors to the within case, we decline to find error in the trial court's findings and property settlement provisions. The record indicates that the marriage was of relatively short duration, that defendant contributed substantially more to the joint estate and the consumption of the parties during the marriage, and that plaintiff is presently able to earn $15,000 per year. It appears that plaintiff will be able to continue her employment in the future and maintain an adequate station in life. We agree with the trial court's finding that neither party is decisively more at fault for the breakdown of the marriage. We are not convinced that the trial judge abused his discretion in his effort to arrive at an equitable property settlement.

On appeal, plaintiff specifically challenges the failure of the trial judge to award her half of the retirement funds and common stock earned by defendant during the marriage. It is true that defendant's retirement fund payroll contributions and common stock purchased through payroll deductions are marital assets.[4] However, the inclusion of these items in the marital estate does not require their division between the parties. The trial judge has a variety of ways to take such funds into account, and many of these methods do not subject the specific pension funds or common stock interests to a division.[5] The record reveals that the trial judge properly considered defendant's retirement funds and stock holdings as

[3] *Parrish v Parrish,* 138 Mich App 546, 558; 361 NW2d 366 (1984).

[4] See *Hatcher v Hatcher,* 129 Mich App 753; 343 NW2d 498 (1983); *Darwish v Darwish,* 100 Mich App 758; 300 NW2d 399 (1980).

[5] *Hatcher, supra; Lindner v Lindner,* 137 Mich App 569, 572; 358 NW2d 376 (1984).

marital assets and made his equitable property division taking these marital assets into account.

Plaintiff also objects to the trial judge's denial of her request for $5,000 in attorney fees. While the award of attorney fees rests within the sound discretion of the trial court, we believe that, under the circumstances of this case, plaintiff is entitled to an award of an attorney fee.[6] Where the parties' incomes and assets are disproportionate and where the issues are real and difficult, we believe an award of attorney fees is merited. Plaintiff meets both tests. Her income and assets are far less than those of defendant. The issues that she urges have made for a close and difficult case. Consequently, we award plaintiff $3,000 toward her attorney fees, payable by defendant within 30 days of release of this decision.

Affirmed in part, modified in part, costs to neither party.

---

[6] *Schaeffer v Schaeffer*, 106 Mich App 452, 459; 308 NW2d 226 (1981).