VANCE v VANCE

Docket No. 89018. Submitted December 15, 1986, at Detroit. Decided
April 20, 1987. Leave to appeal applied for.

Plaintiff, Olen D. Vance, and defendant, Christine Vance, were
granted a divorce by the Genesee Circuit Court, Judith A.
Fullerton, J., ending the couple's eighteen-year marriage. At
the time of the divorce, plaintiff's weekly take-home pay was
$560 and defendant was earning $400 per month working at
home as a licensed adult foster care program operator. Plaintiff
was awarded personal property with a total value of $15,000
consisting of four automobiles, a camper trailer and shares of
stock in General Motors. Plaintiff also retained full rights to
his pension. Defendant was awarded the marital home, rental
property and a motor vehicle, with a combined value of
$43,527, net of a mortgage balance and unpaid taxes. Plaintiff
was ordered to assume a $2,600 indebtedness to the credit
union and defendant was ordered to assume a $1,000 indebted-
ness on a Visa account. Plaintiff was also ordered to pay $100
per week in permanent alimony and $120 per week in child
support. Plaintiff appealed, claiming the trial court abused its
discretion with regard to the property settlement and the
awards for alimony and child support.

The Court of Appeals *held:*

1. In light of the duration of the parties' marriage, their
contributions to the joint estate, their station in life and
earning abilities, fault or past misconduct, and other circum-
stances, the trial court's division of property represented an
abuse of discretion. Plaintiff was entitled to more than what
was awarded. On remand, the trial court shall divide the
parties' assets equally.

2. The alimony award of $100 per week was excessive in light

REFERENCES

Am Jur 2d, Appeal and Error §§ 703, 772, 868.

Am Jur 2d, Divorce and Separation §§ 625, 915 *et seq.*

Divorce: equitable distribution doctrine. 41 ALR4th 481.

Excessiveness or adequacy of amount of money awarded as perma-
nent alimony following divorce. 28 ALR4th 786.

See also the annotations in the Index to Annotations under Appeal
and Error.

of defendant's ability to work and plaintiff's child support obligation. On remand, alimony shall be reduced to $75 per week.

3. Plaintiff has not suffered any change in circumstances which would justify a modification of the child support order and the amount ordered is a fair share of the amount necessary to maintain the child in a reasonable standard of living.

Affirmed in part, reversed in part and remanded.

1. DIVORCE — PROPERTY DIVISION — APPEAL.

The Court of Appeals reviews property settlements in divorce cases de novo on the record, but will not reverse or modify the property division unless convinced that it would have reached another result had it occupied the position of the trial court.

2. DIVORCE — PROPERTY DIVISION.

A trial court has great discretion in the adjustment of property rights upon divorce; the objective in arriving at a property settlement is to attain a division which is fair and equitable in light of all the circumstances; in making a division of property, the trial court must examine the duration of the marriage, contributions of the parties to the joint estate, the parties' station in life and earning abilities, fault or past misconduct, and other equitable circumstances.

3. DIVORCE — ALIMONY — APPEAL.

An award of alimony is within the discretion of the trial court; the Court of Appeals reviews such an award de novo and exercises its independent judgment in reviewing the evidence, but gives grave consideration to the trial court's findings and will not reverse unless convinced it would have come to a different conclusion had it been sitting in the trial court's position.

4. DIVORCE — ALIMONY.

Factors to be considered in determining whether alimony should be awarded in a judgment of divorce include: (1) the past relations and conduct of the parties; (2) the length of the marriage; (3) the ability of the parties to work; (4) the source and amount of property awarded to the parties; (5) the age of the parties; (6) the ability of the parties to pay alimony; (7) the present situation of the parties; (8) the needs of the parties; (9) the health of the parties; (10) the prior standard of living of the parties and whether either is responsible for the support of others; and (11) general principles of equity.

*Thomas C. Stipes,* for plaintiff.

*Cole & St. John, P.C.* (by *Bruce E. St. John*), for defendant.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GIL-LIS and C. W. SIMON,* JJ.

PER CURIAM. Plaintiff appeals as of right the property settlement and alimony provisions of a 1985 divorce judgment. We reverse and remand to the trial court for modification of the judgment.

The evidence established at trial below reveals that the parties were married in 1966, in El Paso, Texas, and that one child was born to them on June 16, 1970. The final separation occurred on May 2, 1984. Thus, the parties had been married for over eighteen years. Defendant had two children from her prior marriage who had lived with the parties during most of the eighteen-year marriage. Plaintiff supported these two children until they reached the age of majority.

Plaintiff had twenty years seniority at Chevrolet Manufacturing in Flint, Michigan, having worked there continuously except for a period of military service. According to the trial court, plaintiff earned $560 net per week based upon a fifty-six-hour work week which included overtime. Defendant, on the other hand, had only brief periods of employment early in the marriage. However, around 1982, at plaintiff's urging, defendant became licensed to operate an adult foster care program in her home. Although she was licensed to care for four adults, at the time of trial she cared for only one since she had two children living with her at the time. She received $400 per month from the state for her services under the program.

Plaintiff testified that the marriage broke down

* Circuit judge, sitting on the Court of Appeals by assignment.

due to lack of communication. Defendant testified that she didn't know anything was wrong with their marriage until plaintiff left her. However, there were at least two separations prior to May, 1984, the first in 1968 and the second in December, 1983. In each instance plaintiff left home. Defendant testified that she resumed the marriage after each separation because she loved plaintiff. Defendant testified that before plaintiff left for the final time in May, 1984, she discovered their automobile parked in front of the home of the woman whom plaintiff eventually moved in with after the final separation.

In granting the judgment of divorce, the trial court found that fault for the breakup of the marriage was plaintiff's for leaving defendant and maintaining extramarital relationships.

The marital property was distributed as follows:

Plaintiff was awarded:

| | | |
|---|---|---|
| 1961 Thunderbird | $ 5,000 | |
| 1954 Mercury | 3,500 | |
| 1957 Ford | 2,000 | |
| 1949 Ford | 2,000 | |
| Camper Trailer | 1,500 | |
| General Motors stock | 1,600 | |
| Pension | No value ascertained | |
| Total | $15,600 | $15,600 |

Defendant was awarded:

| | | |
|---|---|---|
| Marital home | | |
| Appraised value | $42,000 | |
| Amount owing | 18,873 | |
| | 23,127 | |
| Less back taxes | 3,000 | |
| | $20,127 | 20,127 |
| Rental Property | | |
| Appraised value | $25,000 | |
| Less back taxes | 2,400 | |
| | $22,600 | 22,600 |
| 1978 Suburban | $    800 | 800 |
| Total | | $43,527 |

Further, plaintiff was ordered to assume a $2,600 indebtedness to the credit union and defendant was ordered to assume the $1,000 indebtedness to VISA. In addition, plaintiff was ordered to pay $100 per week in permanent alimony and $120 per week in child support.

Plaintiff moved for a new trial, challenging the property settlement, alimony award and child support award. The court denied the motion but modified the judgment with respect to the alimony award. Specifically, the judgment was amended to provide that the alimony payments would cease upon defendant's death, remarriage, full-time employment, or cohabitation with an unrelated male other than one in her foster care program, or upon plaintiff's retirement.

Plaintiff first contends on appeal that the trial court abused its discretion in the distribution of the marital property. Although we do not agree with plaintiff's valuation of the marital home and rental property, we do find that the distribution was inequitable.

In dividing marital assets, a court should seek a fair and equitable distribution. *Hatcher v Hatcher,* 129 Mich App 753; 343 NW2d 498 (1983). This Court reviews property settlements in divorce cases de novo on the record, but will not reverse or modify the property division unless convinced that it would have reached another result had it occupied the position of the trial court. *Paul v Paul,* 362 Mich 43; 106 NW2d 384 (1960); *Bone v Bone,* 148 Mich 834, 838; 385 NW2d 706 (1986).

The trial court has great discretion in the adjustment of property rights upon divorce. The objective in arriving at a property settlement is to reach a fair and equitable division in light of all

the circumstances. *Bone, supra.* There are no set mathematical formulas governing a division of property. The division does not have to be equal, but it must not be inequitable. *Bone, supra; Christofferson v Christofferson,* 363 Mich 421, 426; 109 NW2d 848 (1961). In making the division, the trial judge must examine several factors: the duration of the marriage, contributions of the parties to the joint estate, the parties' station in life and earning abilities, fault or past misconduct, and other equitable circumstances. *Parrish v Parrish,* 138 Mich App 546, 558; 361 NW2d 366 (1984).

In applying these factors to the instant case, we conclude that the trial court abused its discretion in the distribution of the marital property. The marriage at issue was of long duration—eighteen years. During that time, the marital property was accumulated through the joint effort of the parties. Specifically, plaintiff worked continuously at the General Motors plant including overtime while defendant stayed at home caring for the marital home and the children. Both parties have the ability to support themselves although, admittedly, plaintiff's established earning ability is somewhat greater than defendant's. However, defendant is relatively young, and is able to develop employment skills or, at least, expand her adult foster care program.

The trial court apparently distributed the property as it did based on plaintiff's ongoing relationship with another woman prior to the final separation between the parties. The trial court attributed the fault for the breakdown of the marriage to plaintiff. However, fault is not the sole factor to be considered in distribution of marital property. Moreover, from the testimony presented below, it appears that the marriage had been rocky for quite some time. In view of the above factors, we

conclude that plaintiff was entitled to more of the marital estate than merely five motor vehicles. Hence, we remand the case to the trial court with instructions to divide the assets of the parties equally.

Plaintiff also contends that the trial court abused its discretion in ordering him to pay defendant $100 per week in alimony and $120 per week in child support until the child reaches eighteen years of age. We agree with plaintiff with respect to the alimony provision, but affirm the child support provision.

An award of alimony is within the discretion of the trial court. *Hatcher, supra,* p 760. We review such an award de novo and exercise our independent judgment in reviewing the evidence. *Graybiel v Graybiel,* 99 Mich App 30, 33; 297 NW2d 614 (1980). However, we give grave consideration to the trial court's findings and will not reverse unless we are convinced that we would have come to a different conclusion if we were in the trial court's place. *Diephouse v Diephouse,* 127 Mich App 526, 530; 339 NW2d 42 (1983). Factors to be considered in determining whether alimony should be awarded include: past relations and conduct of the parties, length of the marriage, ability of the parties to work, source and amount of property awarded to the parties, age of the parties, ability of plaintiff to pay alimony, the present situation of the parties, the needs, health, and prior standard of living of the parties, whether the parties support others, and general equity principles. *Hatcher, supra.*

We conclude that the trial court erred in granting defendant $100 per week in alimony. Although the trial court found that plaintiff earned $560 per week in take home pay, and it appears that he is able to pay the amount ordered, he is also respon-

sible for $120 per week in child support. Furthermore, although the marriage was of relatively long duration, defendant is only forty years old and is able to develop job skills. In fact, defendant is licensed to operate an adult foster care program in her home and receives $400 per month for doing so. Assuming on remand the trial court awards defendant the marital home, she will be able to continue this program. There is no reason why she can not expand the program or apply her skills developed in this area to other employment. Defendant was awarded an automobile so she has transportation to any other type of work. We conclude that defendant has the ability to work and that her minor health problems do not interfere with this.

Further, even though the trial court found the breakdown of the marriage attributable to plaintiff, as noted above, we find that the marriage was on rocky ground for a long period of time. In view of these factors, we conclude that $100 per week in alimony is excessive. Therefore, we instruct the court, on remand, to reduce the alimony award to a reasonable rate of $75 per week.

Finally, we decline to modify the child support order since we do not find that plaintiff has suffered any change in circumstances justifying the modification. *Kalter v Kalter,* 155 Mich App 99, 102; 399 NW2d 455 (1986). We find that plaintiff is able to pay this amount which is a fair share of the amount actually necessary to maintain the child in a reasonable standard of living. *Kalter, supra,* p 104. Accordingly, the child support order is affirmed.

Affirmed in part; reversed in part. Remanded for further proceedings consistent with this opinion.