PERRIN v PERRIN

Docket No. 96946. Submitted February 18, 1988, at Detroit. Decided June 6, 1988.

Plaintiff, Carl John Perrin, and defendant, Donna M. Perrin, were divorced following a trial in the Oakland Circuit Court, Hilda R. Gage, J. Defendant appealed, claiming that an insufficiency in the evidence presented, particularly with regard to the value of a family-owned business, made the division of marital property unfair and inequitable. Defendant also claimed that the judgment failed to address certain issues raised at trial.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in dividing the parties' property. Although the trial court did not place a dollar value on the family business, the court did hear testimony from plaintiff regarding the business and the court considered the family business in dividing property.

2. A copy of the proposed judgment was signed by defendant's counsel prior to its entry, and defendant failed to raise the issue of irregularities in the judgment by way of a motion in the trial court for modification of the judgment. Thus, defendant is not entitled to relief on this question on appeal.

Affirmed.

1. DIVORCE — PROPERTY DIVISION — APPEAL.

The Court of Appeals reviews property settlements in divorce cases de novo on the record, but will not reverse or modify a property division unless it is convinced that it would have reached another result had it occupied the position of the trial court.

2. DIVORCE — PROPERTY DIVISION — APPEAL — FINDINGS OF FACT.

Findings of fact by a trial court in a divorce case, including its valuation of marital assets, may not be disturbed by the Court

REFERENCES

Am Jur 2d, Divorce and Separation §§ 483 *et seq.,* 864 *et seq.*

Divorce: excessiveness or adequacy of trial court's property award—modern cases. 56 ALR4th 12.

Divorce: Equitable distribution doctrine. 41 ALR4th 481.

of Appeals unless they are clearly erroneous; a finding is clearly erroneous only if, after review of the entire record, the Court of Appeals is left with the definite and firm conviction that a mistake has been made.

3. DIVORCE — PROPERTY DIVISION.

A trial court has great discretion in the adjustment of property rights upon divorce; the objective in arriving at a property settlement is to attain a division which is fair and equitable in light of all the circumstances; in making a division of property, the trial court must examine the duration of the marriage, contributions of the parties to the joint estate, the parties' station in life and earning abilities, fault or past misconduct, and other equitable circumstances.

4. DIVORCE — PROPERTY DIVISION — RELIEF FROM JUDGMENT.

A party or his counsel who, prior to the entry of a proposed judgment of divorce, is aware of certain irregularities in the property division provisions of the proposed judgment is not entitled to relief on appeal where the party failed to petition the trial court for a modification of the judgment.

*Margaret Barton,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and DOCTOROFF and C. W. SIMON, JR.,* JJ.

DOCTOROFF, J. Defendant appeals as of right from a final judgment of divorce. We affirm.

The parties hereto had a long and tumultuous relationship spanning a period in excess of thirty years. This relationship was interrupted on two prior occasions by divorces. The parties were married in 1954, divorced, then married again in 1963. They were then divorced and remarried in 1969. A third divorce was filed in Oakland Circuit Court in 1983 by the plaintiff. Defendant filed her counter-complaint in March, 1985.

The only witnesses at trial were the parties, who testified regarding the marital assets to be divided. Defendant testified that part of the marital assets

* Circuit judge, sitting on the Court of Appeals by assignment.

consisted of the marital home in Novi purchased in February, 1985, for $75,000 and a one hundred-year-old home in Saranac purchased in 1979 for $8,000 but valued at $25,000. Title to the Saranac property was in defendant's name and that of her son born out of wedlock. There was also a family business named Perrin Souvenirs that was formed in 1979-80.

Plaintiff testified that the value of the Saranac property was $25,000 and stated that the mortgage balance for the Novi property was approximately $68,000. Plaintiff then testified extensively regarding the family business. Although he could not determine its present value, he "hoped" it would be worth $100,000. He did indicate, however, that the business inventory was worth $41,000, accounts payable were $81,000, and accounts receivable were $50,000. Gross sales from the business in the 1984-85 fiscal year were $535,000. The company's employees consisted of plaintiff, plaintiff's son and a salesman. Plaintiff received a salary of $23,000, but admitted that he derived other benefits from the business such as a company car, a 1984 Buick Park Avenue, a 1985 Chevy van, health insurance, life insurance, and various personal expenses claimed as business expenses in the amount of $4,000 to $5,000. Two other vehicles, a 1969 Lincoln and a 1980 van, were apparently also considered marital assets.

Further, plaintiff testified that he had no stocks, no pension or profit sharing plan, and no retirement plan. The balance in the business checking account was between $5,000 and $7,000. Plaintiff's personal checking account contained only $348 and his debts included a Visa bill of $2,000 and an overdraft loan of $1,500.

Plaintiff admitted that defendant had several health problems that would severely restrict her

employability. He further admitted having a relationship with another woman for at least four years.

On rebuttal, defendant confirmed her severe health problems but refuted plaintiff's estimation of the worth of the family business. She alleged that neither the income tax returns nor plaintiff's claimed salary were accurate. She also testified regarding instances of what she termed to be mental abuse by plaintiff. These occurrences included threats, confiscated mail and failure to pay an agreed amount of support.

Following closing arguments, the court made its findings and distributed the marital assets. Defendant received the 1984 Buick with payments to be continued by plaintiff. She was to receive a new car every four years. The court felt this was the only way to give defendant something out of the business. Secondly, defendant received a one-half interest in the Saranac property. Additionally, defendant received the marital home, the 1969 Lincoln, and was to be continued as beneficiary of plaintiff's life insurance policy. She was also awarded permanent alimony in the amount of $250 per week, the trial court finding that she had severe health problems which made her unemployable at that time.

Plaintiff was awarded the full interest in the family business. This business was never independently evaluated. The parties disagreed on the gross sales figure for the 1984-85 fiscal year. As indicated, plaintiff testified that he "hoped" its value was at least $100,000. There was no evidence presented by plaintiff to support that figure, nor was there any evidence presented by the defendant from which the court could establish that the value of the company was a different amount.

Defendant now claims that the trial court

abused its discretion because evidence presented regarding the value of certain marital assets was so insufficient that no property settlement could be devised. She contends that a fair and equitable distribution of the marital assets cannot be achieved without first determining the value of the assets.

The division of marital property is committed to the sound discretion of the trial court. *Thomas v Thomas,* 164 Mich App 618, 622; 417 NW2d 563 (1987). This Court reviews property settlements de novo on the record, but will not reverse or modify the property division unless it is convinced that it would have reached another result had it occupied the position of the trial court. *Vance v Vance,* 159 Mich App 381, 385; 406 NW2d 497 (1987); *Bone v Bone,* 148 Mich App 834, 838; 385 NW2d 706 (1986). The trial court's findings of fact, including its valuation of marital assets, may not be disturbed by this Court unless they are clearly erroneous. *Thomas, supra,* p 622. A finding is clearly erroneous only if, after review of the entire record, we are left with the definite and firm conviction that a mistake has been made. *Kowalesky v Kowalesky,* 148 Mich App 151, 155; 384 NW2d 112 (1986), lv den 425 Mich 876 (1986).

Although the trial court has great discretion in the adjustment of property rights upon divorce, the objective is to reach a fair and equitable division in light of all circumstances. *Id.; Vance, supra,* pp 385-386. No set mathematical formulas are used. However, the court should consider the duration of the marriage, contributions of the parties to the joint estate, the parties' stations in life and earning abilities, fault or past misconduct and other equitable circumstances. *Parrish v Parrish,* 138 Mich App 546, 558; 361 NW2d 366 (1984); *Vance, supra,* p 386.

Although it is true that the court did not place a dollar value on the family business, the court did hear testimony from the plaintiff relative to it and obviously considered the family business when making an award of property, stating that no evidence was offered to establish its actual value and that everything "was in vague generalities." Defendant would have this Court reverse the trial court because the trial court did not do the job that the parties were obligated to do, that is, prepare their cases. The parties had been divorced twice before and the instant divorce had been pending in one way or another for three years before the trial. There was plenty of time for the parties, through their attorneys, to conduct all the discovery that was necessary to conduct this rather uncomplicated divorce. This Court hesitates to direct the trial court to perform the services for the parties for which their attorneys were retained. The trial court is to see that the parties receive a fair trial and cannot be responsible for what is presented in evidence and what is not. Its role is that of factfinder, not fact provider. To send this case back for further proceedings would defeat the policy of resolving litigation with finality and fairness.

We find no abuse of the trial court's discretion in awarding the property in the manner in which it did. We are not convinced that we would have reached a different result had we occupied the trial court's position. *Vance, supra.* We thus affirm the court's award of property.

Next, defendant claims that the trial court abused its discretion by signing a judgment that did not address certain issues raised at trial.

The judgment, which was signed by the judge after it was signed by plaintiff, plaintiff's counsel and defendant's counsel, but not defendant, did

not list the items that plaintiff claimed as personal property or business items to be removed from the marital residence. Further and of significance to the defendant, who was found to suffer from heart disease, chronic cystitis, arthritis and hypertension, the court, although indicating a willingness to alter the award to allow defendant to remain a one-percent shareholder in the family business if necessary to maintain her on the health insurance policy, did not insist that the judgment of divorce contain a provision reflecting this willingness.

This Court has held that a party or his counsel, who is aware of certain irregularities at the time the property settlement is entered into, but who fails to address the irregularities, cannot later seek relief in the form of modification. See *Villadsen v Villadsen,* 123 Mich App 472, 477; 333 NW2d 311 (1983), lv den 418 Mich 884 (1983). Furthermore, defendant did not give the trial court the opportunity to consider this issue by petitioning for modification, but raises the issue for the first time on appeal. See *Norton Shores v Carr,* 81 Mich App 715, 723; 265 NW2d 802 (1978), lv den 403 Mich 812 (1978). The trial court did not abuse its discretion by signing a judgment of divorce that was also signed by plaintiff and both attorneys.

Accordingly, we affirm this matter with the caveat to the trial bar that this Court will not impose on trial courts the obligation or responsibility of conducting trials, particularly where the parties have selected and obtained counsel of their choice.

Affirmed.