WIAND v WIAND

Docket No. 99286. Submitted January 12, 1989, at Detroit. Decided July 6, 1989.

Lenore L. Wiand brought an action in Oakland Circuit Court seeking a divorce from Ronald C. Wiand. Following a trial, the court, Norman L. Lippitt, J., determined the total value of the marital estate to be $1,101,466 after including plaintiff's postgraduate degrees as part of the marital estate, assigning a $50,312 present value to the degrees, and estimating $300,000 as the value of defendant's interest in patents and formulas used by Inland Diamond Products Company, several office buildings and part-ownership of Inland Craft Products Company. The divorce judgment awarded forty percent of the marital estate to plaintiff, ordered defendant to pay plaintiff an additional $120,000 in equal installments over a three-year period (forty percent of defendant's estimated $300,000 business interests), and ordered defendant to pay plaintiff rehabilitative alimony for six months at the rate of $3,000 per month. To ensure that defendant would not default on his obligations pursuant to the judgment, defendant was ordered to pledge all of his stock in Inland Diamond Products Company into escrow and execute a consent to wage assignment. The judgment allowed for an unlimited postjudgment discovery period during which either party can challenge the court's $300,000 valuation of defendant's business interests. Defendant appealed. Plaintiff cross appealed, challenging the inclusion of her postgraduate degrees in the marital estate.

The Court of Appeals *held:*

1. The issue of whether defendant could properly be ordered to pledge corporate stock, the transfer of which defendant

REFERENCES

Am Jur 2d, Appeal and Error §§ 397-406, 703, 772-775, 868; Courts §§ 87, 88; Divorce and Separation §§ 7, 896-900, 943, 958; Husband and Wife § 210; Judgments § 907.

Spouse's professional degree or license as marital property for purposes of alimony, support, or property settlement. 4 ALR4th 1294.

Propriety of consideration of, and disposition as to, third persons' property claims in divorce litigation. 63 ALR3d 373.

claims is restricted by agreement, as security for his obligation pursuant to the divorce judgment cannot be addressed by this Court since the record below contains no indication of the claimed restrictive agreement and defendant failed to object when plaintiff's counsel requested such security.

2. The trial court did not err in ordering defendant to execute a consent to wage assignment in view of defendant's repeated attempts to evade proper discovery of his assets.

3. The property settlement provisions of a divorce judgment are final and, as a general rule, cannot be modified. Here, the trial court erred in providing for an unlimited postjudgment discovery period during which the parties can challenge the court's valuation of defendant's business interests. The record below presented the trial court with a sufficient basis upon which to arrive at the $300,000 valuation. Thus, the valuation should not be disturbed and the provision for postjudgment discovery is stricken from the judgment of divorce.

4. To the extent that the trial court may have included assets allegedly belonging to defendant's brother in the marital estate, this Court finds no error. The rule that it is beyond the power of a trial court to adjudicate the rights of third parties in a divorce action is subject to an exception where it is claimed that the third party has conspired with the husband to defraud the wife out of her rightful interest in the marital estate. In this case, the trial court specifically found that defendant and his brother had conspired to deprive plaintiff of her rightful share of the marital estate.

5. The trial court did not clearly err in assigning a value of $300,000 to defendant's business interests.

6. Defendant failed to cite any authority for the proposition that an account receivable, a certain bank account and tax refund monies should not have been included in the marital estate because they were distributed while the divorce was pending for business and marital expenses. Consequently, the issue cannot be addressed by this Court.

7. The trial court did not err in including plaintiff's postgraduate degrees in the marital estate and in determining their present value to be $50,315 as suggested by defendant's expert witness.

Affirmed as modified.

1. APPEAL — RECORD ON APPEAL — COURT RULES.

Appeals to the Court of Appeals are heard on the original record, which consists of the original papers filed in the trial court or a certified copy, the transcript of any testimony or other proceed-

ings in the case appealed, and the exhibits introduced; references to facts outside the record developed in the trial court will not be considered by the Court of Appeals (MCR 7.210[A]).

2. DIVORCE — EQUITY — COURTS.

A divorce action is equitable in nature, and, since a court of equity molds its relief according to the character of a case, once a court acquires jurisdiction in a divorce action it will do what is necessary to accord complete equity and conclude the controversy.

3. COURTS — CIRCUIT COURTS — ORDERS — JUDGMENTS — ENFORCEMENT POWERS — STATUTES.

Circuit courts have jurisdiction and power to make any order which is proper to fully effectuate their jurisdiction and judgments (MCL 600.611; MSA 27A.611).

4. DIVORCE — JUDGMENTS — WAGE ASSIGNMENTS.

A trial court in a divorce action may order a party to execute a wage assignment where the party is responsible for the payment of sums to the other party under the terms of the judgment.

5. DIVORCE — PROPERTY DIVISION — FINAL JUDGMENTS.

Property settlement provisions of a divorce judgment, unlike alimony or child support provisions, are final and, as a general rule, cannot be modified; a trial court may not allow for an unlimited postjudgment discovery period during which either party can challenge the court's estimated valuation of marital assets distributed pursuant to the property settlement provisions of a divorce judgment.

6. DIVORCE — THIRD PARTIES — CONSPIRACY.

The rule that it is beyond the power of a trial court to adjudicate the rights of third parties in a divorce action is subject to an exception where it is claimed that the third party has conspired with the husband to defraud the wife out of her rightful interest in the marital estate.

7. DIVORCE — PROPERTY DIVISION — APPEAL.

The Court of Appeals reviews property settlements in divorce cases de novo on the record, but will not reverse or modify a property division unless it is convinced that it would have reached another result had it occupied the position of the trial court.

8. DIVORCE — PROPERTY DIVISION — APPEAL — FINDINGS OF FACT.

Findings of fact by a trial court in a divorce case, including its

valuation of marital assets, may not be disturbed by the Court of Appeals unless they are clearly erroneous; a finding is clearly erroneous only if, after review of the entire record, the Court of Appeals is left with the definite and firm conviction that a mistake has been made.

9. DIVORCE — PROPERTY DIVISION — MARITAL ASSETS — BURDEN OF PROOF — VALUE.

A party to a divorce action who seeks to include the other party's partial ownership interest in a business as part of the marital assets for allocation in the property settlement bears the burden of proving the reasonably ascertainable value of the interest; if the burden is not met, the interest should not be considered an asset subject to distribution.

10. APPEAL — SUPPORTING CITATIONS.

A statement of position without a supporting citation is insufficient to bring an issue before the Court of Appeals; a party should not leave it to the Court of Appeals to search for authority to sustain or reject its position.

11. DIVORCE — PROPERTY DIVISION — POSTGRADUATE DEGREES.

A postgraduate degree obtained by one spouse during the marriage as an end product of a concerted family effort to which both spouses contributed is a marital asset subject to division upon divorce.

*Bruce T. Leitman,* for plaintiff.

*Gelman, Friedman & Baumkel* (by *Deborah E. Zukin*), for defendant.

Before: MURPHY, P.J., and MACKENZIE and REILLY, JJ.

PER CURIAM. Defendant Ronald Wiand appeals as of right and plaintiff Lenore Wiand cross appeals as of right from the lower court's judgment of divorce entered on February 25, 1987. We affirm.

The parties were married in July, 1972, and they were separated in February, 1981. Plaintiff filed for divorce in 1982. There were no children born of the marriage. During the course of the

marriage, the parties acquired a substantial net worth. The lower court characterized this matter as a "bitterly contested divorce proceeding lasting several years." Defendant has accused plaintiff of infidelity and plaintiff has accused defendant of fraudulent concealment of assets. Plaintiff also accuses defendant of deliberately and intentionally preventing her from obtaining discovery of the true extent of defendant's assets.

After a trial that spanned several days and in which fifteen witnesses testified and eighty-five exhibits were introduced into evidence, the lower court in its opinion stated:

> The record makes it abundantly clear that Defendant, Ronald Wiand, has engaged in a pattern of conduct throughout these proceedings designed to harass Plaintiff, Lenore Wiand, and frustrate her efforts to obtain meaningful discovery of his assets and net worth. Moreover, the record clearly shows that he has repeatedly violated the Court's orders for support, discovery and injunctive relief.
>
> A substantial portion of Mrs. Wiand's attorney and accounting fees were necessitated by Defendant, Ronald Wiand's wrongful conduct.

The court then determined that the net marital estate was valued at $1,101,466. However, the court was unable to specifically determine the value of certain assets of the marital estate. Those assets included defendant's interest in certain patents and formulas used by Inland Diamond Products Company, office buildings and defendant's equitable interest in Inland Craft Products Company. Nonetheless, the court estimated defendant's interest in those assets at $300,000. Notwithstanding this valuation estimate, the court's opinion stated:

> [I]f either party wishes to conduct discovery,

seek independent audit or offer further proofs in this regard, the Court will entertain appropriate post judgment motions.

The court awarded plaintiff forty percent of the marital estate and ordered defendant to pay plaintiff an additional $120,000 in equal installments over a three-year period. This amount represents forty percent of the estimated $300,000 value of defendant's interest in the corporations, patents and formulas, and office buildings.

The court also determined that plaintiff's professional degrees were part of the marital assets and that their present value was $50,312. In addition, the court ordered that defendant pay plaintiff rehabilitative alimony for six months at the rate of $3,000 per month. Finally, to ensure defendant did not default on his obligations pursuant to the judgment of divorce, defendant was ordered to pledge all of his shares of Inland Diamond Products Company into escrow. Moreover, defendant was to execute a consent to wage assignment which was also to be escrowed. Both parties now appeal as of right.

We will first address defendant's several issues raised on appeal. Defendant first contends that the trial court had no authority to order defendant to pledge his corporate stock into escrow. Specifically, defendant argues that the stock subject to escrow is in a closely held corporation and that the stock is restricted from being transferred. We note that there was no evidence submitted in the trial court establishing the allegedly restricted nature of the subject stock and that there was no objection raised below when plaintiff's counsel in closing argument requested security in defendant's Inland Diamond stock. Defendant has appended to his brief a January 24, 1977, agreement between him-

self and Inland Diamond Products Company which contains a restriction-on-transfer provision specifying that defendant shall not dispose of all or any part of his shares without the written consent of the company.

Defendant has inappropriately sought to enlarge the record on appeal by referring to and attaching to its brief a copy of this 1977 agreement. MCR 7.210(A) provides that appeals to this Court are heard on the original record and that the record consists of original papers filed in the lower court or a certified copy, the transcript of any testimony or other proceedings and the exhibits introduced. This Court's review is limited to the record developed by the trial court and we will not consider references to facts outside the record. See, e.g., *Trail Clinic, PC v Bloch,* 114 Mich App 700, 708-709; 319 NW2d 638 (1983), lv den 417 Mich 959 (1983). Since defendant failed to introduce at trial the now appended agreement restricting the transfer of stock, and defendant failed to object when plaintiff's counsel requested security in defendant's stock, this issue is not properly before us.

Defendant next contends that the lower court was without authority to order defendant to place in escrow a wage assignment to secure his obligations under the judgment of divorce. We disagree.

First, we note that defendant has made the required alimony payments as provided for in the judgment of divorce. Therefore, any contentions relative to the court-ordered wage assignment as it related to defendant's alimony obligations are moot. As for defendant's remaining obligations for which the wage assignment has been pledged, we find no error. This Court in *Schaeffer v Schaeffer,* 106 Mich App 452, 457-458; 308 NW2d 226 (1981), stated the following:

A court possesses inherent authority to enforce its own directives. A divorce case is equitable in nature, and a court of equity molds its relief according to the character of the case; once a court of equity acquires jurisdiction, it will do what is necessary to accord complete equity and to conclude the controversy. Moreover, MCL 600.611; MSA 27A.611 provides:

"Circuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments."

In this case, it is more than obvious that the lower court was displeased with defendant's attempts to evade proper discovery and to shelter assets. Our review of the lower court record convinces us that the court acted appropriately in requiring defendant to execute and escrow a consent to wage assignment.

Defendant next contends that the trial court erred by allowing for a postjudgment discovery period so that the parties could present proofs on the value of certain assets found to be within the marital estate. We agree.

The lower court in its opinion stated:

Substantial evidence has been presented by Plaintiff compelling the Court to conclude that Defendant, Ronald Wiand, has a 50% equitable interest in industrial properties situated at Howard and Edward Streets in Madison Heights, and a 50% equitable interest in his brother, Richard Wiand's company, known as Inland Craft Products Company.

\* \* \*

In making its award to Plaintiff, Lenore Wiand, and based upon the limited proofs presented, the Court has assumed that Defendant, Ronald Wiand's, equitable interest in patents and formulas used by Inland Diamond Products Company,

the office buildings on Howard and Edward Streets and Inland Craft Products Company approximates Three Hundred Thousand ($300,000.00) Dollars. However, if either party wishes to conduct discovery, seek independent audit or offer further proofs in this regard, the Court will entertain appropriate post judgment motions.

The lower court order in pertinent part provided the following:

POST JUDGMENT DISCOVERY

IT IS FURTHER ORDERED AND ADJUDGED that either party, by post judgment motion, may petition the Court to conduct discovery, seek independent audit or offer further proofs relative to the value of the Defendant-husband's equitable interest in the following marital assets: patents and formulas used by Inland Diamond Products Company; the husband's 50% interest in the office buildings at 32051-53 Howard and 32046-48 Edward Streets; and the husband's 50% interest in Inland Craft Products Company, the ownership of which is disputed by the Defendant-husband. The specific findings in this regard of this Court's opinion of December 18, 1986, are incorporated herein by reference.

This Court has stated that property settlement provisions of a divorce judgment, unlike alimony or child support provisions, are final and, as a general rule, cannot be modified. *Colestock v Colestock,* 135 Mich App 393, 397; 354 NW2d 354 (1984).

The court in this case estimated the value of plaintiff's various corporate and commercial property interests at $300,000. The court estimated the value because of defendant's repeated efforts to stymie plaintiff's legitimate discovery efforts. We are satisfied from the record presented that

the court had a sufficient basis to arrive at the $300,000 valuation for defendant's various business assets. Therefore, we choose not to disturb the lower court's valuation of those assets. We do, however, conclude that the lower court improperly allowed for an unlimited postjudgment discovery period during which either party could challenge the court's estimated valuation. Such a provision is inconsistent with MCR 2.612, which addresses the various ways in which one may seek relief from a court's judgment. Consequently, pursuant to MCR 7.216(A)(7) we strike the provision in the judgment of divorce entitled "Post Judgment Discovery." However, we affirm the lower court's determination regarding defendant's interest in the various business assets and the court's valuation of those assets.

Defendant next contends that the trial court erred in including assets in the marital estate which allegedly belonged solely to defendant's brother and that the court's finding that defendant had an ownership interest in those assets was against the great weight of the evidence. We disagree.

As a general rule, a court may make property dispositions which affect only the rights of the parties before it. *Yedinak v Yedinak,* 383 Mich 409; 175 NW2d 706 (1970); *Hoffman v Hoffman,* 125 Mich App 488, 490-491; 336 NW2d 34 (1983). Even assuming that defendant's brother's rights were affected by this judgment of divorce, an exception to the rule that a court cannot affect the rights of nonparties is applicable when it is claimed that a third party has conspired with one spouse to deprive the other of his or her rightful interest in the marital estate. *Berg v Berg,* 336 Mich 284, 288; 57 NW2d 889 (1953); *Pruitt v Pruitt,* 90 Mich App 230, 233-234; 282 NW2d 785

(1979); *Donahue v Donahue,* 134 Mich App 696, 704-705; 352 NW2d 705 (1984), lv den 422 Mich 854 (1985). See also Anno: *Propriety of considera-tion of, and disposition as to, third persons' prop-erty claims in divorce litigation,* 63 ALR3d 373.

In *Donahue, supra,* the defendant husband and his parents attempted to conceal from the plaintiff the nature and value of the marital estate. The defendant argued that it was beyond the power of the trial court to adjudicate the rights of third parties, i.e., his parents, in the divorce action. At issue were a certificate of deposit and bearer bonds which had a value of almost $200,000 and which apparently were given to the defendant by his father. In resolving whether the trial court had the authority to exercise jurisdiction over third-party interests, this Court held that, since the proofs clearly showed that both the defendant and his parents were concealing assets from the plain-tiff, the trial court was well within its jurisdiction and right to determine whether the defendant or his parents were the owners of the certificate of deposit and bearer bonds. *Id.,* p 705. The *Donahue* Court also noted that, although the defendant's parents were not made parties to the divorce action, they were represented by counsel at trial, they testified at length, and they were cross-exam-ined. *Id.,* p 705.

In this case, the lower court specifically found that defendant and his brother had conspired to deprive plaintiff of her rightful share of the mari-tal estate. Defendant's bother was never made a party to the divorce action, and he was apparently not represented by counsel at trial. He did, how-ever, testify at length at trial on at least two separate days and was subjected to thorough cross-examination. The major distinction between this case and *Donahue, supra,* was the lack of represen-

tation here. We are not convinced that that differ-
ence is significant in this case. Defendant's brother
apparently knew about this divorce action well in
advance of trial and knew of plaintiff's allegations
that defendant possessed a legal or equitable inter-
est in properties that defendant claimed were
owned solely by his brother. Although the record
does not reflect defendant's brother's educational
background or his professional training, if any, it
reveals that defendant's brother was a very knowl-
edgeable and experienced businessman with an
ownership interest in several corporations. We find
that *Donahue* controls this case and allows for the
inclusion in the judgment of a dispositive provision
involving property allegedly owned by defendant's
brother. Simply, we find no error in the lower
court's determination as to which assets belong
within the marital estate.

Defendant next argues that the court's findings
relative to the parties' assets are against the great
weight of the evidence and that the court erred in
valuing his various corporate interests. We dis-
agree. In *Perrin v Perrin,* 169 Mich App 18, 22;
425 NW2d 494 (1988), this Court stated the appro-
priate standard employed in reviewing a lower
court's valuation of marital assets:

> The division of marital property is committed to
> the sound discretion of the trial court. *Thomas v*
> *Thomas,* 164 Mich App 618, 622; 417 NW2d 563
> (1987). This Court reviews property settlements de
> novo on the record, but will not reverse or modify
> the property division unless it is convinced that it
> would have reached another result had it occupied
> the position of the trial court. *Vance v Vance,* 159
> Mich App 381, 385; 406 NW2d 497 (1987); *Bone v*
> *Bone,* 148 Mich App 834, 838; 385 NW2d 706
> (1986). *The trial court's findings of fact, including*
> *its valuation of marital assets, may not be dis-*

*turbed by this Court unless they are clearly erroneous. Thomas, supra,* p 622. A finding is clearly erroneous only if, after review of the entire record, we are left with the definite and firm conviction that a mistake has been made. *Kowalesky v Kowalesky,* 148 Mich App 151, 155; 384 NW2d 112 (1986), lv den 425 Mich 876 (1986). [Emphasis added.]

The general rule applicable to valuation of marital assets is that the party seeking to include the interest in the marital estate bears the burden of proving a reasonably ascertainable value; if the burden is not met, the interest should not be considered an asset subject to distribution. *Miller v Miller,* 83 Mich App 672, 677; 269 NW2d 264 (1978); *Beaty v Beaty,* 167 Mich App 553, 557; 423 NW2d 262 (1988).

In this case, plaintiff presented numerous exhibits which reflected on the value of defendant's office buildings, interest in Inland Craft and defendant's patents and formulas. We do note, however, that plaintiff was precluded from presenting detailed evidence on the exact valuation of these assets because of defendant's repeated acts to frustrate plaintiff's legitimate discovery requests. As already noted, the lower court specifically found that defendant repeatedly violated the court's orders and frustrated plaintiff's attempts at meaningful discovery. Based upon our thorough review of the record, the lower court's valuation estimate of $300,000 was proper. Simply, we are satisfied that plaintiff met her burden of proof and we will not disturb the lower court's finding on this issue.

Finally, defendant contends that the trial court erroneously included as marital assets an account receivable, assets in a certain bank account and tax refund monies, because these assets were dis-

tributed during the divorce for business and marital expenses. We disagree.

Defendant cites no authority for the proposition that these items should not be part of the marital estate. A statement of position without supporting citations is insufficient to bring an issue before this Court. A party may not leave it to this Court to search for authority to sustain or reject its position. *Tringali v Lal,* 164 Mich App 299; 416 NW2d 117 (1987). Therefore, this issue is not before this Court. However, we note that, even if it were, the lower court's findings relative to this issue are not in clear error. MCR 2.613(C).

We now turn to plaintiff's sole issue raised in her cross appeal. Plaintiff contends that the lower court erred by including her educational degrees as marital assets and valuing them at $50,315.

The lower court in its opinion stated that defendant substantially contributed toward plaintiff's education and that her degrees should be considered a marital asset. The court also noted that plaintiff would be fully capable of supporting herself within six months and ordered rehabilitative alimony for six months. Plaintiff testified at trial that when she married defendant in July, 1972, she was "just finishing up a master's degree" in education at Wayne State University. In July, 1986, at the time of trial, she was working toward a Ph.D. and needed only to complete her dissertation, which she expected to be complete by December, 1986.

An advanced degree has been held to be a marital asset, to be distributed to the parties as property. *Daniels v Daniels,* 165 Mich App 726, 731; 418 NW2d 924 (1988), citing *Woodworth v Woodworth,* 126 Mich App 258; 337 NW2d 332 (1983), lv den 419 Mich 856 (1984). Fairness dictates that the spouse who did not earn an ad-

vanced degree be compensated whenever the advanced degree is the product of a concerted family effort. *Woodworth, supra,* p 261. Other decisions of this Court have held that an advanced degree is not a marital asset but should be considered as a factor in awarding alimony. *Daniels, supra,* p 731, citing *Olah v Olah,* 135 Mich 404; 354 NW2d 359 (1984), and *Wilkins v Wilkins,* 149 Mich App 779; 386 NW2d 677 (1986).

Defendant's expert witness testified that the present value of plaintiff's future wages, net after taxes, from her postgraduate degree (when compared to plaintiff's future salary based upon only a bachelor degree) was $50,315. Based upon our thorough review of the record, the lower court properly considered plaintiff's degrees and arrived at an equitable distribution of the parties' marital estate.

Affirmed as modified.