STECKLEY v STECKLEY

Docket No. 107610. Submitted April 12, 1990, at Detroit. Decided August 7, 1990.

Plaintiff, Rick T. Steckley, and defendant, Karen J. Steckley, were divorced by order of the Grand Traverse Circuit Court, William R. Brown, J. As part of the property settlement, defendant was awarded assets worth more than $600,000 and plaintiff received more than $400,000 in assets. In addition, defendant was awarded permanent periodic alimony of $4,000 per month. Plaintiff was ordered to pay a $15,000 debt, defendant's attorney fees of $55,000, and child support of $850 per month until the two minor children reached the age of majority or graduated from high school. Plaintiff was allowed to retain his entire interest in ten McDonald's restaurants. Defendant appealed, claiming that, in order to make the property settlement more equitable, she should have been awarded alimony in gross of $1,283,866 in addition to the permanent periodic alimony of $4,000 per month until her death.

The Court of Appeals *held:*

The court erred in not determining the value of plaintiff's interest in the McDonald's franchises. The matter is remanded to the trial court for a determination of that value, after which defendant should be awarded an equitable share of that value. The court may also adjust defendant's share to effect an equitable property division.

Reversed in part and remanded.

1. DIVORCE — PROPERTY DIVISION.

The objective in arriving at a property settlement is to attain a division which is fair and equitable in light of all the circumstances.

2. DIVORCE — PROPERTY DIVISION — VALUATION OF ASSETS.

A trial court in a divorce action erred in not determining the value of the plaintiff's interest in several restaurant franchises

REFERENCES

Am Jur 2d, Divorce and Separation §§ 864-962.
See the Index to Annotations under Divorce and Separation, and Property Settlement

and in awarding the plaintiff his entire interest therein on the ground that the proofs did not establish a basis upon which an accurate valuation of the plaintiff's interest could be made; the defendant is entitled to an equitable share of the value of the plaintiff's interest in the franchises, and if the court does not have ample information from the expert testimony presented to determine a fair value, it may appoint its own disinterested appraiser to assist the court.

*Barbier & Tolleson, P.C.* (by *Vincent J. Brennan, Christopher G. Manolis* and *John T. Rogers*), for plaintiff.

*Smith, Magnusson, Chartrand & Badgley, P.C.* (by *Douglas Chartrand*), for defendant.

Before: SAWYER, P.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

PER CURIAM. Defendant Karen J. Steckley appeals the judgment of divorce from plaintiff Rick T. Steckley entered by the Grand Traverse Circuit Court. Specifically, defendant claims that in order to make the couple's property settlement more equitable she should have been awarded alimony in gross of $1,283,866 in addition to the court's order of permanent periodic alimony of $4,000 per month payable until her death. We reverse and remand for further proceedings.

Plaintiff and defendant were married on January 7, 1967. The couple had two children who were still minors at the time of trial. In August, 1983, plaintiff permanently left the marital home, and he filed for divorce on June 1, 1984. The judgment of divorce was entered on March 8, 1988.

The main area of controversy surrounds the valuation and distribution of the primary marital asset: plaintiff's interest in ten McDonald's restau-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

rants. Plaintiff and his father had been pioneers in establishing McDonald's restaurants in northern Michigan. They had worked together as partners in that business since 1972. Their business began with the installation of the first McDonald's restaurant in Traverse City and subsequently expanded to include stores in Gaylord, Ludington, Big Rapids, Grayling, Petoskey and Cadillac. Plaintiff and his father eventually merged seven stores into their business known as Marks Management Corporation. Eventually the pair opened three more stores which were not merged into Marks Management. Plaintiff owns 40.7 percent of the stock and acts as president of Marks Management. He is part owner in each of the three other stores. During the six-day trial, both parties presented extensive expert testimony as to the valuation of plaintiff's interest in the franchises. Plaintiff's expert set plaintiff's interest at $664,592. Defendant's expert set plaintiff's interest at $2,276,141.

The trial judge's lengthy discussion of this asset revealed his inability to reach an exact valuation for it. The judge stated:

> The Court concludes that the proofs do not establish a basis upon which an accurate valuation of Plaintiff's McDonald interests can be made. . . . The Court must conclude that the value of this substantial asset lies somewhere between the opinions expressed by the highly competent and credible experts produced by the respective parties.

The court awarded plaintiff the above asset and awarded defendant permanent periodic alimony of $4,000 per month. In determining the alimony award, the court considered the relevant factors, see *Krause v Krause,* 177 Mich App 184, 190-191; 441 NW2d 66 (1989), including plaintiff's annual

income of approximately $175,000 per year, present circumstances, needs of the parties and, as particularly relevant to this discussion, the disparity in the property settlement. The judge stated:

> The Court deems it necessary that under all of the circumstances, Plaintiff will receive a highly disproportionate amount of the marital estate.

The trial judge explained his decision to leave plaintiff his entire McDonald's interest:

> The McDonald franchise interests are, obviously, the largest asset of the estate. There are several reasons why the ownership interest will remain with Plaintiff. The witness, Rich Superfine, testified without contradiction that Defendant could not become a franchisee approved by McDonald's Corporation unless she were qualified as of the time of the judgment, which might award her that interest. That procedure requires two to two and one-half years and has not been commenced by the Defendant. Even if there were an agreement of third parties to separate one franchise to go to Defendant, she would not presently qualify. The franchisor would not, as a matter of policy, approve a franchise transfer which would put Defendant in a partial ownership position associated with a former spouse or his family.
> Plaintiff and his father have been highly successful in developing an income from a well operated business which integrates ten separate stores. They have worked closely together in a bond of mutual cooperation and mutual respect. It would be inappropriate for the Court to order a sale and division of the proceeds to affect [sic] a property settlement when the business represents the primary means by which Plaintiff, through his business skill, has been able to develop an excellent income. *Simmons v Simmons,* 58 Mich App 480 [228 NW2d 432] (1975).
> The inadequacy of property award will necessi-

tate a consideration of substantial alimony to pro-
vide for Defendant's continued support. It is appro-
priate that the alimony award be such that Defen-
dant need not liquidate her share of the property
received for her education and job training or such
expense. *Zecchin v Zecchin,* 149 Mich App 723 [386
NW2d 652] (1986).

The final property division awarded defendant
essentially all the marital assets which were not
tied up with various third-party interests. Defen-
dant received assets with a total net value of over
$600,000. Plaintiff received assets with a total net
value of over $400,000, in addition to his entire
interest in the McDonald's franchises. Plaintiff
was also obligated to pay a Hall Tyler Ltd. liability
of $15,000, defendant's attorney fees of $55,000,
and child support of $850 per month until the
children reach the age of majority or graduate
from high school.

On appeal, defendant argues that her award of
permanent periodic alimony of $4,000 per month
for life was inadequate to counterbalance the ad-
mittedly inequitable property division because that
alimony represented only what was needed for
defendant's support and was also subject to later
modification. Further, defendant argues that the
court should have determined the exact value of
plaintiff's business interest in order for defendant
to share equally in it.

We agree with defendant that the court should
have determined the value of plaintiff's interest in
the McDonald's franchises. *McNamara v McNa-
mara,* 178 Mich App 382, 391-393; 443 NW2d 511
(1989). If the court does not have ample informa-
tion from the expert testimony presented to deter-
mine a fair value, it may appoint its own disinter-
ested appraiser to assist the court. Defendant
should be awarded an equitable share of the value

of plaintiff's interest in the franchises. We remand for the trial court to effect an equitable division. *Perrin v Perrin,* 169 Mich App 18, 22; 425 NW2d 494 (1988).

On remand the trial court may adjust defendant's share to effect an equitable property division, recognizing that defendant received the greater proportion of the assets divided in the trial court's judgment of March 8, 1988. We do not preclude redivision and redistribution, which is left to the court's discretion. *Id.* The trial judge may award to plaintiff all of his ownership shares in the franchises as we do not wish to be understood as ordering division of ownership or title. We are ordering valuation of the assets and equitable distribution. Once the trial court determines the amount which defendant should receive for her share of the McDonald's franchise assets, it can set reasonable terms and method of payment. Such property distribution will most probably render alimony unnecessary. However, alimony is continued until the further order of the trial court on remand.

The judgment is bifurcated. The judgment of divorce is affirmed; the property settlement and distribution is reversed; alimony is continued until the further order of the trial court.

Reversed in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.