RUCINSKI v RUCINSKI

Docket No. 100853. Submitted June 29, 1988, at Detroit. Decided October 3, 1988. Leave to appeal applied for.

Plaintiff, Debra K. Rucinski, and defendant, Michael H. Rucinski, were married in 1976 and a child was born to the parties in 1979. Plaintiff thereafter brought an action in the Wayne Circuit Court seeking a judgment of divorce. The trial court, Irwin H. Burdick, J., entered a judgment of divorce on July 17, 1985, which ordered defendant to pay child support and which referred to the child as the child of the parties. Plaintiff did not contest the issue of paternity during the divorce action. On November 26, 1986, defendant moved for an order requiring the parties and the child to submit to a blood test. Defendant alleged that the order was warranted based on newly discovered evidence that indicated that defendant had a low likelihood of impregnating due to a low sperm count. The trial court, Thomas J. Foley, J., entered an order denying defendant's motion and awarding plaintiff actual costs. Defendant appealed.

The Court of Appeals held:

1. The trial court properly denied defendant's motion for a blood test to determine paternity. Defendant's divorce judgment and the support order arising from his divorce constitutes an adjudication of his paternity and establishes his duty to pay support. The present proceeding is barred by res judicata. Defendant did not bring his motion for relief from the judgment based on newly discovered evidence within the one year provided therefor.

2. The trial court did not err in awarding plaintiff actual costs and attorney fees based on defendant's meritless arguments. Defendant's arguments on appeal are equally meritless and plaintiff is entitled to costs and attorney fees on appeal. The lower court is to determine such award on remand.

Affirmed and remanded.

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1098 et seq.

Am Jur 2d, Judgments §§ 415 et seq., 699 et seq., 820.

Determination of paternity, legitimacy, or legitimation in action for divorce, separation, or annulment. 65 ALR2d 1381.

1. MOTIONS AND ORDERS — NEWLY DISCOVERED EVIDENCE.

A motion for relief from a judgment which is based on newly discovered evidence must be made within one year of the judgment (MCR 2.612[C][2]).

2. PARENT AND CHILD — PRESUMPTION OF LEGITIMACY — DIVORCE.

A child conceived or born to a married couple during their marriage is presumed to be legitimate; such presumption may be rebutted by clear and convincing evidence; a judgment of divorce and an order requiring the father to pay child support entered in a divorce action after the conception or birth of a child constitutes an adjudication of paternity and establishes the father's duty to pay child support where he makes no attempt to rebut such presumption during his divorce proceedings.

3. ACTIONS — RES JUDICATA.

Res judicata bars the redetermination of an issue that was previously decided in an action between the same parties.

*Stephen R. Bernstein,* for plaintiff.

*Alexander V. Lyzohub,* for defendant.

Before: KELLY, P.J., and MAHER and M. WARSHAWSKY,* JJ.

KELLY, P.J. Few issues are less congenial than the one presented in this appeal. A child born to the parties in 1979 after their 1976 marriage is sought to be illegitimized or denied paternity. The first assault on legitimacy occurred in 1986, some sixteen months after the parties' divorce judgment was entered, when defendant filed a motion requesting that the court order the parties and the minor child to submit to an HLA (Human Leukocyte Antigen) blood test. That motion was denied by the trial court in an order entered May 5, 1987, which order also granted plaintiff actual costs. Defendant appeals as of right, raising two issues on appeal.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

I

Did the trial court err by denying defendant's motion for blood tests when the motion was made over a year after the entry of a judgment of divorce between the parties but was supported by an affidavit claiming new evidence regarding defendant's fertility?

The trial court correctly denied defendant's motion for a blood test to determine paternity. The divorce judgment in this case was entered on July 17, 1985. The judgment ordered the defendant to pay for the support of Renee Rucinski and refers to her as the minor child of the parties. Defendant did not contest the issue of paternity during the divorce action and did not seek to open the issue of paternity until November 26, 1986. The basis for defendant's motion was the alleged new evidence that defendant had a very low sperm count and a correspondingly low likelihood of impregnating; this evidence was grounded on a fertility test taken seven years after the birth of the minor child.

A motion for relief from a judgment based on newly discovered evidence must be made within one year. MCR 2.612(C)(2). It is presumed that a child conceived or born to a married couple during the marriage is legitimate, but this presumption may be rebutted by clear and convincing evidence. *Shepherd v Shepherd,* 81 Mich App 465, 469; 265 NW2d 374 (1978). Defendant did not attempt to rebut this presumption during his divorce proceedings. Defendant's divorce judgment and the support order arising from his divorce constitutes an adjudication of his paternity and establishes his duty to pay support. *Hackley v Hackley,* 426 Mich 582, 585; 395 NW2d 906 (1986). The present proceeding to determine paternity involves the same parties and issue as previously determined in de-

fendant's divorce. This issue was previously adjudicated and so is barred by res judicata. *Hackley, supra,* p 591. As pointed out by our Supreme Court, there is a strong public policy behind the finality of divorce judgments and paternity determinations:

> There is no more forceful example of the rationale underlying the requirement of finality of judgments than the chaos and humiliation which would follow from allowing former husbands to challenge, long after a final judgment has been entered, the legitimacy of children born during their marriages. [*Hackley, supra,* p 599.]

The defendant did not raise the issue of paternity during the divorce proceedings and cannot raise it now more than one year after the divorce judgment is final.

II

Did the lower court err by awarding costs to plaintiff?

The lower court did not err in awarding plaintiff actual costs and attorney fees and, further, plaintiff is entitled to costs and attorney fees on appeal.

Defendant cites *Baumgardner v Balmer,* 157 Mich App 159; 403 NW2d 525 (1987), for the proposition that a court may not award attorney fees in a paternity action. This is not a paternity action. Defendant's arguments below were meritless and are equally meritless on appeal, so plaintiff is entitled to costs for defending this case below and on this appeal. *Briarwood v Faber's Fabrics, Inc,* 163 Mich App 784, 795; 415 NW2d 310 (1987). Plaintiff is awarded expenses incurred in this appeal to be determined by the lower court on remand. MCR 7.216(C)(2).

Affirmed and remanded for a determination of plaintiff's costs on appeal.