WIAND v WIAND

Docket Nos. 134224, 135309, 135310. Submitted March 9, 1993, at
    Detroit. Decided May 17, 1994, at 9:15 A.M.

Lenore L. Wiand brought an action in the Oakland Circuit Court
    against Ronald C. Wiand, seeking a divorce. The court, Norman
    L. Lippitt, J., granted the divorce, awarded rehabilitative ali-
    mony for six months, and divided the marital estate. Because
    the defendant had resisted discovery efforts concerning his
    business assets, the court included in the judgment of divorce a
    provision for an unlimited postjudgment discovery period dur-
    ing which the parties could challenge the court's valuation of
    the defendant's business assets. Additionally, the judgment
    provided that the property division addressed only the assets
    set forth therein and that, should it be determined that addi-
    tional assets existed, the court retained jurisdiction to make a
    distribution of those assets. The defendant appealed, and the
    plaintiff cross appealed. On July 6, 1989, the Court of Appeals,
    MURPHY, P.J., and MACKENZIE and REILLY, JJ., affirmed the
    judgment of divorce except for the provision allowing the
    unlimited postjudgment discovery period, which was stricken.
    178 Mich App 137 (1989).

    On July 28, 1989, Lenore Wiand filed a complaint in the
    Oakland Circuit Court against Ronald Wiand, seeking damages
    based on fraud, misrepresentation, interference with advanta-
    geous relationships, conversion, and violation of court orders,
    all allegedly arising out of the defendant's attempts to hide his
    assets from distribution in the divorce action. The complaint
    was served on the defendant in May 1990. On October 2, 1990,
    the court, Barry L. Howard, J., denied the plaintiff's motion to
    add parties and granted summary disposition for the defendant.
    The plaintiff appealed. (Docket No. 134224).

    On the day the dismissal of the fraud action was entered, the
    plaintiff moved to set aside, modify, or obtain relief from the
    original divorce decree on the basis of newly discovered evi-
    dence and fraud. The plaintiff also sought additional alimony
    on the basis of changed circumstances and to amend her
    complaint in the fraud action to add a claim for independent
    equitable relief. The court, Steven N. Andrews, J., acting for
    Judge Howard, denied the motions. The plaintiff appealed.

(Docket No. 135309.) Thereafter, the court, Judge Andrews acting for Judge Howard, denied without prejudice the defendant's motion for sanctions. The plaintiff appealed. (Docket No. 135310.) The appeals were consolidated.

The Court of Appeals *held:*

1. The running of the one-year period of MCR 2.612(C)(2) within which one must seek relief from judgment on the basis of newly discovered evidence or fraud was tolled during the pendency of the original appeal of the divorce judgment, because, until the Court of Appeals struck down the postjudgment discovery provision, the plaintiff was not aware that she would be subject to the time limitation of the court rule. Accordingly, the plaintiff had one year from the July 8, 1989, entry by the Court of Appeals of its opinion within which to seek relief on the basis of fraud or newly discovered evidence.

2. Although the plaintiff's October 2, 1990, motion for relief from judgment in the divorce action was not filed within the one-year period after the order of the Court of Appeals, the plaintiff did raise questions of fraud and misrepresentation relative to the divorce action in her fraud action, which was filed within one-year after the order of the Court of Appeals. Because the plaintiff filed the motion for relief in the divorce action immediately upon dismissal of the fraud action, that motion should be considered timely under these circumstances with respect to the claims based on fraud and misrepresentation.

3. The plaintiff's request for additional alimony was not supported by any ground warranting the modification of the original award. Neither is there any basis to reevaluate the disclosed assets that were considered in the original divorce proceedings. The trial court, however, should have considered the allegation that there were undisclosed assets that were not considered in the original divorce proceedings and judgment. On remand, the court must consider the plaintiff's allegations concerning undisclosed assets, and, if there are assets that were not disclosed at the time of the original proceedings, the court must make a determination whether those assets were a part of the marital estate.

4. The trial court did not err in concluding that the separate fraud action was not proper.

5. The trial court did not abuse its discretion in denying the plaintiff's motion to add parties in the fraud action.

6. The trial court properly denied the plaintiff's motion to amend the complaint in the fraud action to include a claim for independent equitable relief, because at the time the motion

was made the court lacked jurisdiction of that action, a claim of appeal having already been filed.

7. The plaintiff abandoned her appeal from the order denying sanctions.

Affirmed in part and reversed in part.

*Garratt & Evans, P.C.* (by *C. William Garratt* and *Tracey L. Robertson*), for the plaintiff.

*Sandor M. Gelman, P.C.* (by *Sandor M. Gelman*), for the defendant.

Before: SHEPHERD, P.J., and MacKENZIE and WHITE, JJ.

PER CURIAM. In Docket No. 134224, plaintiff Lenore L. Wiand appeals as of right from the October 2, 1990, order of Oakland Circuit Court Judge Barry L. Howard that granted defendant Ronald Wiand's motion for summary disposition, pursuant to MCR 2.116(C)(7), and dismissed plaintiff's complaint in *Wiand v Wiand,* Oakland Docket No. 89-374129-CZ (hereinafter *Wiand II*).

In Docket No. 135309, plaintiff appeals as of right from two orders issued on November 9, 1990, by Oakland Circuit Court Judge Steven N. Andrews (acting for Judge Howard): an order denying plaintiff's motion to set aside, modify, or obtain relief from the divorce judgment in *Wiand v Wiand,* Oakland Docket No. 82-250656-DO (decided February 25, 1987) (hereinafter *Wiand I*), and an order denying plaintiff's motion to amend her complaint in *Wiand II* to add a claim for independent equitable relief.

Docket No. 135310 involves Judge Andrews' (acting for Judge Howard) November 9, 1990, denial without prejudice of defendant's motion for sanctions. Plaintiff appealed this order, but does not argue the issue.

We affirm in part and reverse in part.

I

After a contested divorce proceeding, the parties were granted a divorce on February 25, 1987, by Oakland Circuit Judge Norman L. Lippitt. See *Wiand v Wiand,* 178 Mich App 137; 443 NW2d 464 (1989), for a brief recitation of the facts in *Wiand I.*

In *Wiand I,* the trial court issued an opinion expressly finding that defendant engaged in conduct designed to frustrate plaintiff's efforts to discover his assets[1] and conspired with his brother to deprive plaintiff of her rightful share of the marital estate. The court listed those assets that it found to be part of the marital estate and assigned them values. With regard to certain assets—patents and formulas used by Inland Diamond Products Company, office buildings on Howard and Edward Streets, and an equitable interest in Inland Crafts Products Company—the court "assumed" a total value of $300,000, but stated:

> [I]f either party wishes to conduct discovery, seek independent audit or offer further proofs in this regard, the Court will entertain appropriate post judgment motions.[2]

The opinion awarded plaintiff specific assets. Defendant was awarded

> all other assets the Court has specifically found to be a part of the marital estate, including those he disclaims having any interest in. However, he is not awarded other undisclosed assets which later may be determined to be his.

---

[1] *Id.* at 141.
[2] *Id.* at 141-142.

The judgment of divorce, entered in accordance with the judge's opinion, awarded defendant specific assets including "the patent and business formulas *which were the subject of testimony* at the time of trial of this matter, the ownership of which is disputed by the Defendant-husband" (emphasis added) and "his 50% equitable interest in the office buildings located at 32051-53 Howard and 32046-48 Edward . . . the ownership of which is disputed . . . ." The judgment further provided:

> The Property Settlement set forth herein is based upon a marital estate consisting of only those assets set forth above. Should it be determined that additional marital assets existed other than those set forth above, this Court retains jurisdiction over this matter for the purpose of rendering an equitable distribution of such assets.

The judgment of divorce also provided:

> POST JUDGMENT DISCOVERY
> IT IS FURTHER ORDERED AND ADJUDGED that either party, by post judgment motion, may petition the Court to conduct discovery, seek independent audit or offer further proofs relative to the value of the Defendant-husband's equitable interests in the following marital assets: patents and formulas used by Inland Diamond Company; the husband's 50% interest in the office buildings at 32051-53 Howard and 32046-48 Edwards Streets; and the husband's 50% interest in Inland Craft Products Company, the ownership of which is disputed by the Defendant-husband. The specific findings in this regard of this Court's opinion of December 18, 1986, are incorporated herein by reference.[3]

The Court of Appeals vacated pursuant to MCR 7.216(A)(7) that portion of the judgment of divorce that provided for further discovery, independent

___

[3] *Id.* at 145.

audit, and further proofs.[4] In all other respects, the Court affirmed the judgment.[5]

On July 28, 1989, plaintiff filed her complaint in *Wiand II,* claiming damages based on fraud, misrepresentation, interference with advantageous relationships, conversion, and violation of court orders. Plaintiff did not serve this complaint on defendant until May 1990. In response to plaintiff's complaint in *Wiand II,* defendant filed a motion for summary disposition on July 12, 1990. In August 1990, while defendant's motion was pending, plaintiff filed a motion to add parties defendant.

Following a hearing on September 19, 1990, Judge Howard granted defendant's motion for summary disposition in *Wiand II* pursuant to MCR 2.116(C)(7) and denied plaintiff's motion to add parties defendant. An order was entered October 2, 1990. On the same day, plaintiff filed a motion to set aside, modify, or obtain relief from the divorce judgment in *Wiand I,* on the basis of newly discovered evidence and fraud. In addition, plaintiff asked the trial court to schedule an evidentiary hearing and grant her an increase in alimony on the basis of a change in circumstances. On October 23, 1990, plaintiff filed a motion to amend her complaint in *Wiand II* to add a claim for independent equitable relief. In orders dated November 2, 1990, Judge Andrews (for Judge Howard) denied plaintiff's motions to set aside, modify, or obtain relief from the judgment in *Wiand I* and to amend her complaint in *Wiand II.*

II

Plaintiff first argues that the trial court improp-

[4] *Id.* at 146.
[5] *Id.* at 151.

erly denied her motion to set aside, modify, or obtain relief from the divorce judgment entered in *Wiand I* based on newly discovered evidence and fraud.

Under MCR 2.612(C)(2) a motion for relief from judgment based on either newly discovered evidence or fraud of an adverse party must be made within one year after the final judgment was entered. *Rucinski v Rucinski,* 172 Mich App 20, 22; 431 NW2d 241 (1988).

Given that plaintiff did not know that no further discovery or proofs would be allowed under the postjudgment discovery provision of the divorce judgment in *Wiand I* until this Court's July 8, 1989, opinion in *Wiand v Wiand, supra,* the one-year period of limitation provided by MCR 2.612(C)(2) was tolled until the entry of this Court's decision. Thus, plaintiff had one year after entry of this Court's decision within which to file and to serve a motion for relief from judgment under MCR 2.612(C)(2) based on her claims of newly discovered evidence, fraud, and misrepresentation.

Plaintiff filed her motion for relief from judgment in *Wiand I* on October 2, 1990, more than one year after this Court had stricken the postjudgment discovery provision from the divorce judgment. However, plaintiff's complaint in *Wiand II* claiming, inter alia, fraudulent concealment of assets, which was filed on July 28, 1989, and served on defendant in May 1990 (within one year of this Court's decision), alleged fraud and misrepresentation throughout the pendency of the divorce action.

In view of the allegations made in plaintiff's complaint in *Wiand II,* and under these circumstances in which the complaint in *Wiand II* was filed within three weeks after this Court's decision in *Wiand I* and the motion in *Wiand I* was filed

the same day as the entry of the order granting defendant's motion for summary disposition in *Wiand II,* the complaint in *Wiand II,* claiming damages based on fraud, misrepresentation, interference with advantageous relationships, conversion, and violation of court order, should be regarded as a timely filed motion for relief from judgment in *Wiand I,* and the motion later filed in *Wiand I,* upon the dismissal of *Wiand II,* a continuation of that motion.

In her motion, plaintiff alleged that the newly discovered evidence consists of previously undisclosed assets including an office building, five new patents, and additional businesses in which defendant had an equitable interest; newly discovered values for assets previously disclosed; and a $40,000 undisclosed tax liability. She also seeks to address alimony.

We agree with defendant that the alleged undisclosed tax liability is not a liability within the meaning of the judgment of divorce.

With respect to alimony, we agree with defendant that plaintiff's request for a modification in alimony, made long after the six months of alimony awarded under the judgment had been paid, did not establish grounds for modifying the term or amount of the rehabilitative alimony awarded her under the judgment.

With respect to the undisclosed value of disclosed assets, we agree with the trial court that this claim attempts to "rehash" matters that were already addressed and is contrary to this Court's earlier decision in *Wiand I,* wherein the Court struck the provision in the judgment of divorce providing for an independent audit and further proofs concerning the value of certain disclosed assets.

With respect to the claims regarding undisclosed

assets, however, we come to a different conclusion. Notwithstanding the need for finality in litigation, we believe that where there is evidence of concealment, it is not improper for a judgment of divorce to include a provision, as in the instant case, stating that undisclosed assets are not covered by the judgment and are subject to further proceedings. Cf. *Sands v Sands,* 442 Mich 30; 497 NW2d 493 (1993).[6] If such provisions are to be enforced, the trial court must entertain posttrial motions regarding undisclosed assets.

We conclude that plaintiff's allegations regarding undisclosed assets must be considered by the trial court. It is not clear to us that the trial court's statement that plaintiff's motion was an attempt to "rehash what was done last time" was a finding that each of the alleged undisclosed assets was, in fact, addressed in *Wiand I.* While defendant has pointed to portions of the record indicating that some of the assets that were alleged to have been undisclosed, at the time of the original proceedings, indeed, may have been addressed in *Wiand I,* it appears that plaintiff has alleged the existence of some undisclosed assets that were not previously addressed. For this reason, remand is in order.

On remand, the trial court shall consider plaintiff's allegations regarding undisclosed assets. To the extent these assets were disclosed in the course of proceedings in *Wiand I,* plaintiff's request for relief should be denied. However, to the extent plaintiff alleges the existence of assets that were not addressed in *Wiand I,* the trial court

---

[6] Judge MacKenzie was a member of the panel that decided *Wiand I.* To the extent that *Wiand I* may be construed as requiring finality of the parties' divorce judgment, she is now of the opinion that such a result is inconsistent with the public policy established by the Supreme Court in *Sands* to combat the concealment of assets.

should make a determination whether such assets were a part of the marital estate.

### III

Plaintiff also asserts that the trial court erred in dismissing her complaint in *Wiand II.* We disagree. While plaintiff correctly points out that some of the events alleged in *Wiand II* transpired after *Wiand I* was tried, the issue of defendant's fraudulent concealment of assets was thoroughly addressed in *Wiand I,* and remedies were devised in that proceeding. The trial court did not err in concluding that a separate action was not proper.

Plaintiff also claims that the trial court improperly denied her motion to add parties defendant in *Wiand II.* Plaintiff argues that she is entitled to add thirty-two members of defendant's family because postjudgment discovery after *Wiand I* revealed the existence of a conspiracy between defendant and these family members. Absent an abuse of discretion, this Court will not reverse a trial court's decision whether to add parties to an action. *Ombrello v Montgomery Ward Long Term Disability Trust,* 163 Mich App 816; 415 NW2d 658 (1987).

Here, we believe that the trial court did not abuse its discretion in denying plaintiff's motion to add thirty-two parties defendant as moot in view of its decision to grant defendant's motion for summary disposition. Whatever claims plaintiff may have against other parties will have to be brought in a separate action. We make no comment regarding the merits of such an action.

### IV

Finally, plaintiff argues that the trial court im-

properly denied her motion to amend her complaint to add a claim for independent equitable relief in *Wiand II.* However, the trial court properly found that it lacked jurisdiction to grant plaintiff's motion under MCR 7.208(A) because a claim of appeal had already been filed from the order of dismissal.

v

Accordingly, in Docket No. 134224, we affirm the October 2, 1990, order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and dismissing the complaint in (*Wiand II*). In Docket No. 135310, we affirm, any issues having been abandoned on appeal. In Docket No. 135309, we affirm the October 9, 1990, order denying plaintiff's motion to amend her complaint in *Wiand II* to add a claim for independent equitable relief, but reverse in part the order denying plaintiff's motion to set aside, modify, or obtain relief from the divorce judgment in *Wiand I.* On this last matter, we remand to the trial court with instructions to determine whether plaintiff has alleged undisclosed assets that were not addressed in *Wiand I* and, if so, whether they should have been included in the marital estate.

Affirmed in part and reversed in part.