SANDS v SANDS

Docket Nos. 93860-93864. Decided March 23, 1993. On application by
the defendant for leave to appeal, the Supreme Court, in lieu of
granting leave, affirmed the judgment of the Court of Appeals.

Judy Sands brought an action for divorce in the Macomb Circuit
Court against Gerald F. Sands. The court, Robert J. Chrzanow-
ski, J., entered a judgment of divorce, divided the marital
assets equally, but directed the defendant to pay seventy per-
cent of the plaintiff's attorney fees in light of devious and
deceptive conduct in attempting to conceal assets of the marital
estate. The Court of Appeals, JANSEN, P.J., and SULLIVAN and
WEAVER, JJ., modified the distribution of assets, and remanded
the case to the circuit court, directing it to award to the
plaintiff all marital assets that the defendant attempted to
conceal (Docket Nos. 109990, 111077, 112299, 113249, 113870).
The defendant seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice CAVANAGH,
and Justices BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT,
the Supreme Court held:

The Court of Appeals correctly decided this case. The circuit
court abused its discretion in dividing the assets equally. The
defendant's conduct throughout these proceedings rendered
such a division inequitable.

Marital assets are not to be divided in accordance with any
rigid formula. Rather, the circuit court must make an equitable
division on the basis of the facts proven in each case. A party's
attempt to conceal assets is a relevant consideration, but it is
only one of many facts that the court must weigh. A judge's
role is to achieve equity, not to punish one of the parties. An
attempt to conceal assets does not give rise to an automatic
forfeiture.

Justice LEVIN, concurring in the result, would deny leave to
appeal.

Affirmed.

192 Mich App 698; 482 NW2d 203 (1992) affirmed.

*Chiamp & Associates, P.C.* (by *Carole L. Chiamp*
and *Charlene Snow*), for the plaintiff.

*Acevedo & Baggott* (by *Nancy L. Baggott*) for
the defendant.

PER CURIAM. This is a divorce case in which the
defendant husband attempted to conceal assets of
the marital estate. The circuit court divided the
marital assets equally between the parties, but
directed the defendant to pay seventy percent of
the plaintiff wife's attorney fees, in light of the
defendant's "devious and deceptive conduct" dur-
ing the circuit court proceedings.

The Court of Appeals found that the circuit
court erred in dividing the assets equally. It said
that the defendant must forfeit his interest in
assets that he attempted to hide. We affirm that
judgment in the present case, but caution that in
each individual divorce case the circuit court must
equitably divide assets on the basis of the facts.
There is no automatic rule of forfeiture.

I

The parties were married in 1961. The plaintiff
filed a complaint for divorce in 1984. This case
concerns the distribution of the parties' real and
personal property.

It would be difficult to exaggerate the conten-
tiousness of these proceedings. The record is im-
mense, and the circuit judge has entered countless
orders since the complaint for divorce was filed.
The defendant has been held in contempt at least
five times, and has been jailed several times for
refusing to comply with the court's orders.

Following a lengthy trial, the circuit court en-
tered a judgment of divorce. The judgment pro-
vided that the property would be divided equally.
The plaintiff was to receive $200 a week in ali-

mony.[1] Further, the court ordered the defendant to pay seventy percent of the plaintiff's attorney fees, saying that most of the litigation had been caused by the defendant's wrongdoing.

The defendant appealed the divorce judgment and several of his contempt citations.[2] The plaintiff cross appealed the divorce judgment.

The defendant persuaded the Court of Appeals to set aside one of his contempt citations, but the Court otherwise denied relief. In response to the plaintiff's cross appeal, the Court modified the distribution of marital assets. It remanded the case to circuit court, which is to award to the plaintiff all marital assets that the defendant attempted to conceal.[3] 192 Mich App 698; 482 NW2d 203 (1992).

The defendant applies to this Court for leave to appeal.

II

The Court of Appeals noted the recurring problem of unreported or underreported marital assets,[4] and it characterized the present case as "a

[1] The alimony was to last fifteen years, or until she remarried.

[2] He has also appealed two other postjudgment orders. Those appeals remain pending in the Court of Appeals.

[3] The Court of Appeals later denied rehearing.

[4] The Court of Appeals quoted two passages of the December, 1989, Final Report of the Michigan Supreme Court Task Force on Gender Issues in the Courts. The task force reached this conclusion:

> In many cases, a non-earning spouse has little knowledge of what property the parties own, or its value, and has a difficult burden in discovering the nature and extent of the marital estate. There are few meaningful adverse consequences to a party who hides or disposes of marital assets and thus avoids inclusion of such assets in the property award. [*Id.*, pp 67-68.]

Accordingly, the task force recommended:

> Both parties should be required to disclose all assets in the

prime example of the burden one spouse's repre-hensible behavior can impose upon not only the wronged spouse but also the court system." 192 Mich App 704.

The Court of Appeals said that, "[u]nder the circumstances revealed by the extensive record," it was "an abuse of discretion for the trial court not to have taken some sort of punitive action in light of Mr. Sands' persistent attempts to conceal assets." *Id.* The Court explained:

> This is in accord with the maxim that one who seeks the aid of equity must come in with clean hands. *Stachnik v Winkel,* 394 Mich 375, 382-384; 230 NW2d 529 (1975). The doctrine of "clean hands" rests on the proposition that the court will not be the abettor of inequity. *Id.* at 382. Thus, we find it inappropriate for the court to award Mr. Sands any share of assets that he attempted to conceal. Once a spouse intentionally has misled the court or the opposing spouse regarding the existence of an asset, that spouse should be estopped from receiving any part of that property.
>
> Accordingly, we remand for the court to make a determination of which assets Mr. Sands had attempted to conceal. We direct the court to award full ownership of these particular assets or their equivalent value to Mrs. Sands before making an equal split of the remaining assets. This course of action should have the salutary effect not only of adjusting the equities in this case but also of serving as a warning to all divorcing parties. [192 Mich App 704-705.]

early stages of a divorce action. Failure to disclose assets should result in the imposition of meaningful sanctions such as default, an award of actual attorney fees and costs or contempt. If undisclosed assets are later discovered, there should be a rebuttable presumption that they were deliberately concealed, resulting in the award of 100% of such assets to the injured party unless the presumption is overcome by the non-disclosing party. [*Id.,* pp 70-71.]

### III

In deciding a divorce action, the circuit court must make findings of fact and dispositional rulings. On appeal, the factual findings are to be upheld unless they are clearly erroneous. *Beason v Beason,* 435 Mich 791; 460 NW2d 207 (1990). A dispositional ruling, however, "should be affirmed unless the appellate court is left with the firm conviction that [it] was inequitable." *Sparks v Sparks,* 440 Mich 141, 152; 485 NW2d 893 (1992).[5]

In *Sparks,* the circuit court determined that one party's sexual infidelity had caused the failure of the marriage. Expressing the view that it is appropriate " 'to punish some people in a divorce,' " the circuit court awarded twenty-five percent of the marital assets to the party who had caused the divorce, and seventy-five percent to the other party. *Id.,* p 162.

This Court held in *Sparks* that the circuit court had "erred in assigning disproportionate weight" to the single factor of "fault." We explained that "the division of property is not governed by any set rules," and that "[t]he determination of relevant factors will vary depending on the facts and circumstances of the case":

> It is not desirable, or feasible, for us to establish a rigid framework for applying the relevant factors. The trial court is given broad discretion in fashioning its rulings and there can be no strict mathematical formulations. See *Hallett v Hallett,* 279 Mich 246; 271 NW 748 (1937); *Cartwright v Cartwright,* 341 Mich 68; 67 NW2d 183 (1954). But,

[5] The Court of Appeals decided the present case several months before *Sparks* was decided. Understandably, it reviewed for an abuse of discretion, rather than under the standard of appellate review later adopted in *Sparks.* However, the defendant suffered no prejudice in this regard, since the standard adopted in *Sparks* allows an appellate court greater latitude to alter a dispositional ruling. *Id.,* pp 150-152.

as we have recognized before, while the division need not be equal, it must be equitable. *Christofferson v Christofferson,* 363 Mich 421; 109 NW2d 848 (1961). Just as the final division may not be equal, the factors to be considered will not always be equal. Indeed, there will be many cases where some, or even most, of the factors will be irrelevant. But where any of the factors delineated in this opinion are relevant to the value of the property or to the needs of the parties, the trial court shall make specific findings of fact regarding those factors. It is hoped that this requirement will result in greater consistency and provide for more effective and meaningful appellate review.

As acknowledged above, the division of property is not governed by any set rules. Nevertheless, this Court has established certain principles of general application. In *Johnson v Johnson,* 346 Mich 418, 431; 78 NW2d 216 (1956), we said:

"The portion of property awarded to each party depends upon all the equitable factors involved, including the following: source of property, contribution towards its acquisition, the years of married life, the needs of the parties, their earning ability, and also the cause for divorce."

These general standards have been refined and expanded upon by the Court of Appeals, and we readily acknowledge that additional factors, beyond those listed in *Johnson,* may be relevant to the disposition of assets. We hold that the following factors are to be considered wherever they are relevant to the circumstances of the particular case: (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity. *Perrin v Perrin,* 169 Mich App 18, 22; 425 NW2d 494 (1988). There may even be additional factors that are relevant to a particu-

lar case. For example, the court may choose to
consider the interruption of the personal career or
education of either party. The determination of
relevant factors will vary depending on the facts
and circumstances of the case. [*Sparks,* 440 Mich
158-160.]

IV

The opinion of the Court of Appeals recounts a
portion of the unnecessary litigation that was
prompted by the defendant's failure to disclose the
full extent of the marital assets. 192 Mich App
699-702. The circuit court similarly found a pat-
tern of "devious and deceptive conduct."

On the record before us, we see no error in the
Court of Appeals determination that the circuit
court abused its discretion in making an even
division of marital assets. While the circuit court
did require the defendant to pay a significant
portion of the plaintiff's legal expenses, the defen-
dant's conduct throughout these proceedings was
such that an even division of marital assets could
not be equitable. Thus the Court of Appeals cor-
rectly decided the present case.

However, we must also address the apparent
decision of the Court of Appeals to adopt an auto-
matic rule of forfeiture for future cases involving
the concealment of marital assets.

As we explained in *Sparks,* marital assets are
not to be divided in accordance with any rigid
formula. Rather, the circuit court must make an
equitable division on the basis of the facts proven
in each individual case. A party's attempt to con-
ceal assets is a relevant consideration, but it is
only one of many facts that the court must weigh.
Further, a judge's role is to achieve equity, not to

"punish" one of the parties. An attempt to conceal assets does not give rise to an automatic forfeiture.

There being no error in disposition ordered by the Court of Appeals in this case, we affirm its judgment.[6] MCR 7.302(F)(1).

CAVANAGH, C.J., and BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

LEVIN, J. I would deny leave to appeal, and concur in the result of the per curiam opinion.

[6] We have considered the defendant's other claims of error, and we are not persuaded that relief should be granted.