McNAMARA v HORNER (AFTER REMAND)

Docket No. 216018. Submitted August 15, 2003, at Lansing. Decided March 13, 2003, at 9:10 A.M. Leave to appeal sought.

Jane E. McNamara obtained a divorce from Albert O. Horner in the Oakland Circuit Court, Edward Sosnick, J. At the time of the couple's marriage, the plaintiff owned stock in a certain bank and had funds in a credit-union retirement fund and in a tax-deferred annuity. The defendant brought into the marriage funds in a credit-union retirement fund and a tax-deferred annuity. During the pendency of the divorce action, the defendant retired as president of the credit-counseling company at which the plaintiff also worked, and was given a substantial retirement package. Following a bench trial, the court treated the bank stock and appreciation of the funds in the retirement funds and annuities as part of the marital estate, awarded certain stipulated prenuptial assets to the party that brought the asset into the marriage, and divided the remaining marital estate equally between the parties. Pursuant to a motion by the plaintiff, the court amended the property settlement by awarding to the plaintiff the bank stock that she brought into the marriage; however, in the same order, the court held that, given the age disparity between the parties and their present and future earning potential, equity required that the remaining marital assets be divided so that fifty-five percent of the assets would go to the defendant, and forty-five percent of the assets to the plaintiff. The defendant appealed, and the plaintiff cross-appealed. The Court of Appeals, WILDER and ZAHRA, JJ. (WHITE, P.J., dissenting in part), affirmed in part, reversed in part, and remanded the matter to the trial court to determine whether the defendant's retirement package was marital property, to make further findings of fact regarding its determination that the marital assets should be divided fifty-five percent to the defendant and forty-five percent to the plaintiff, and to redetermine, on the basis of the expanded record, the equitable disposition of the marital assets. 249 Mich App 177 (2002). On remand, the trial court concluded that certain portions of the defendant's retirement package were not part of the marital estate, that the parties' bonuses as well as a portion of a bank account were marital assets, and reaffirmed its finding that the remaining marital assets should be divided fifty-five percent to the defendant

and forty-five percent to the plaintiff. The defendant appealed, and the plaintiff cross-appealed.

After remand, the Court of Appeals *held*:

1. The trial court did not clearly err in finding that future compensation earned by the defendant pursuant to a consultant agreement, nondisclosure agreement, and agreement not to compete, all of which were part of the defendant's retirement package, was not a marital asset. Although the agreements were signed during the marriage, the defendant's compensation from the package was not earned during the course of the marriage. Because the compensation was not earned during the marriage, it is not a marital asset. Conversely, the trial court did not clearly err in finding that the release agreement, also part of the defendant's retirement package, was part of the marital estate because the net proceeds were accrued during the course of the marriage. Finally, the trial court did not err in finding that the parties' bonuses, as well as an unspecified portion of the NBD account that did not relate to income earned from separate assets, were marital assets that should be divided equally.

2. The trial court's conclusion that the remaining assets should be divided fifty-five percent to the defendant, and forty-five percent to the plaintiff, on the basis that the defendant was responsible for a larger percentage increase of the parties' marital assets due to his income, and that the plaintiff had significant, increased earning potential and an ability to maintain her standard of living, whereas the defendant might have to draw on assets to maintain his standard of living, was not inequitable and should not be disturbed on appeal.

Affirmed.

WHITE, P.J., concurring in part and dissenting in part, stated that while she joins the majority's conclusion that the trial court's findings on remand should be affirmed, because the trial court did not state any numbers and did not resolve all remaining disputes, she would remand for further fact-finding regarding the actual distribution of the NBD account and the parties' bonuses.

*Norman L. Zemke, P.C.* (by *Norman L. Zemke*), for the plaintiff.

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Lawrence Warren* and *Carl B. Downing*), for the defendant.

AFTER REMAND

Before: WHITE, P.J., and WILDER and ZAHRA, JJ.

WILDER, J. This case is before us after remand to the trial court for additional findings of fact and disposition of the marital assets. After review of the trial court's findings, we now affirm.

I

The trial court was directed on remand to: (1) determine whether defendant Albert O. Horner's retirement package was earned during the course of the marriage, and if so, determine whether division of the retirement package was equitable; (2) make further findings of fact regarding its determination that the marital assets of the parties should be divided fifty-five percent to defendant and forty-five percent to plaintiff Jane E. McNamara; and (3) determine, on the basis of the expanded record, the equitable disposition of the marital assets in this case.

II

In a divorce action, this Court's review of the trial court's factual findings is limited to clear error. *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992); *Beason v Beason*, 435 Mich 791, 805; 460 NW2d 207 (1990); *Pelton v Pelton*, 167 Mich App 22, 25; 421 NW2d 560 (1988). A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Beason, supra* at 802; *Draggoo v Draggoo*, 223 Mich App 415, 429; 566

NW2d 642 (1997). If the trial court's findings of fact are upheld, we then must decide whether the dispositive ruling was fair and equitable in light of those facts. *Sparks, supra* at 151-152; *Welling v Welling,* 233 Mich App 708, 709; 592 NW2d 822 (1999); *Draggoo, supra* at 429. A dispositional ruling is discretionary and should be affirmed unless this Court is left with the firm conviction that the division was inequitable. *Sands v Sands,* 442 Mich 30, 34; 497 NW2d 493 (1993); *Welling, supra* at 709-710; *Draggoo, supra* at 429-430. Further, assets earned by a spouse during the marriage, whether they are received during the existence of the marriage or after the judgment of divorce, are properly considered part of the marital estate. *Vander Veen v Vander Veen,* 229 Mich App 108, 110; 580 NW2d 924 (1998); *Byington v Byington,* 224 Mich App 103, 110; 568 NW2d 141 (1997). Generally, marital assets are subject to division between the parties, but the parties' separate assets may not be invaded. *Reeves v Reeves,* 226 Mich App 490, 494; 575 NW2d 1 (1997).

III

The trial court made several findings of fact with regard to defendant's retirement package, which included a consulting agreement, a nondisclosure agreement, an agreement not to compete, and a release agreement. The trial court concluded that the consulting agreement, nondisclosure agreement, and agreement not to compete all related to future employment by defendant, and that although the agreements were signed during the latter part of the marriage, the compensation was defendant's separate

asset and appropriately excluded from the marital estate.

The trial court's findings in this regard are not clearly erroneous, because although the agreement was signed during the marriage, defendant's compensation from the package was not earned during the course of the marriage. Because the compensation was not earned during the marriage, it is not a marital asset. See *Byington, supra* at 110. The trial court also did not clearly err in finding that the release agreement was part of the marital estate, because the net proceeds were accrued during the course of the marriage. *Id.* In addition to these findings, the trial court further determined that the parties' bonuses for years 1996 and 1997, and that portion of the NBD account that did not relate to income from the consulting agreement, were marital assets. We conclude that these finding are also not clearly erroneous.

In addition, the trial court found that the income from the release agreement, the portion of the NBD account not related to the consulting agreement, and the 1996 and 1997 bonuses of the parties were marital assets that should be divided equally by the parties. The trial court reaffirmed its finding that the remaining assets should be divided fifty-five percent to defendant and forty-five percent to plaintiff. In support of this conclusion, the trial court noted that premarital assets had been excluded from the property division, that defendant was responsible for a larger percentage of the increase of the parties' marital assets due to his income, and that plaintiff has significant, increased earning potential during the course of her career and an ability to thus maintain her standard of living, whereas defendant might have to draw

on assets to continue to maintain his standard of living.

On the basis of the expanded record, we cannot find the trial court's asset distribution to be inequitable. Therefore, because such dispositional rulings are discretionary, *Sands, supra,* we do not disturb the trial court's determination in this case.

Affirmed.

Zahra, J., concurred.

White, P.J. (*concurring in part and dissenting in part*). I join in the majority's conclusion that the trial court's findings on remand should be affirmed. I write separately because while the trial court's general conclusions are sound, it is unclear on this record whether the resulting judgment should be affirmed. Specifically, while the trial court determined that the parties' bonuses for 1996 and 1997 should be treated as marital property, and split equally, and that the NBD bank account should be awarded solely to Albert O. Horner to the extent it represented money received from the consulting agreement, with the remainder split equally, the court did not state any numbers, and did not resolve all remaining disputes. While the court stated that defendant's 1996 and 1997 bonuses should be treated as marital property and divided equally, defendant's counsel appeared to assert that the bonuses were paid as part of the consulting agreement that was treated as his separate property. The court left this issue open, so that it is unclear whether the ultimate judgment will award plaintiff one-half of defendant's bonuses for those years. Also, the accounting for the NBD account was left unresolved,

so that it is unclear how the judgment will actually divide the account.

Under the circumstances, I would affirm the court's opinion as far as it goes, and remand with instructions to make specific findings regarding the actual distribution of the NBD account and the bonuses, and authorize the court to enter an amended judgment on remand, which this Court can then review.