# STATE OF MICHIGAN

# COURT OF APPEALS

DENISE ANN OLSON-BALL,

        Plaintiff-Appellee,

v

ROBERT DURST BALL,

        Defendant-Appellant.

UNPUBLISHED
June 9, 2015

No. 320621
Kent Circuit Court
Family Division
LC No. 11-006356-DM

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

In this action for divorce, defendant appeals as of right the judgment of divorce, which ended his marriage to plaintiff, resolved issues of custody and child support, and set forth the division of property between the parties. Specifically, defendant challenges the provisions of the divorce judgment regarding the division of the parties' personal property. Because the trial court's division of the parties' personal property was not an abuse of discretion, we affirm.

The parties married in 1980, plaintiff filed for divorce in July of 2011, and the judgment of divorce entered on February 10, 2014. Relevant to the present appeal, during their divorce proceedings, both parties provided the trial court with long itemized lists of personal property that the parties requested the trial court divide between them. Detailed testimony regarding the parties' lists of personal property was heard by the trial court, and the parties argued their claims to the listed property at length. Within the judgment of divorce, as requested, the trial court painstakingly divided the specific personal property identified by the parties. Apart from dividing the personal property specifically identified by the parties for division, the trial court more generally ordered that plaintiff would keep "her personal effects and other personal property currently in her possession" and defendant would likewise keep "his personal effects and other personal property currently in his possession[.]"

Nevertheless, defendant now argues on appeal that the trial court erred by failing to divide items located in the pantry of the marital home, which is now in plaintiff's possession. Defendant further claims that the trial court made an oral ruling that personal property not included in the itemized lists prepared by the parties would be divided with the assistance of an appraiser. According to defendant, the trial court's failure to divide the pantry items and to

-1-

incorporate its oral ruling about the appraiser into the judgment of divorce resulted in an award that was unfair and inequitable. We disagree.

In a divorce action, marital assets are subject to division between the parties. *Woodington v Shokoohi*, 288 Mich App 352, 358; 792 NW2d 63 (2010). "Generally, marital property is that which is acquired or earned during the marriage, whereas separate property is that which is obtained or earned before the marriage." *Cunningham v Cunningham*, 289 Mich App 195, 201; 795 NW2d 826 (2010). A judgment of divorce must include a determination regarding the property rights of the parties. *Olson v Olson*, 256 Mich App 619, 627; 671 NW2d 64 (2003). In determining the parties' respective property rights, "[a] trial court must make specific findings of fact regarding the value of each disputed piece of marital property awarded to each party in the judgment." *Woodington*, 288 Mich App at 364. Although each spouse need not receive a mathematically equal share, the goal when dividing the marital estate is to reach "an equitable division in light of all the circumstances." *Byington v Byington*, 224 Mich App 103, 114; 568 NW2d 141 (1997).

On appeal, "this Court reviews for clear error a trial court's factual findings on the division of marital property and whether a particular asset qualifies as marital or separate property." *Hodge v Parks*, 303 Mich App 552, 554; 844 NW2d 189 (2014). "If the trial court's findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts." *Woodington*, 288 Mich App at 355. A dispositional ruling is discretionary, and we will reverse "only if definitely and firmly convinced that the disposition is inequitable." *Hodge*, 303 Mich App at 555; *McNamara v Horner (After Remand)*, 255 Mich App 667, 670; 662 NW2d 436 (2003).

In this case, defendant's argument that the trial court erred in failing to divide the items of personal property within the pantry of the marital home erroneously assumes that there was evidence presented at trial to support the assertion that there was personal property within the pantry of the marital home that should have been divided as part of the marital estate. However, while defendant cites several portions of the record where the parties generally referenced the existence of personal property that was not explicitly listed for division by the parties in their itemized lists, defendant fails to cite to any portion of the trial court record where the parties provided evidence of personal property within the pantry of the marital home. Given that defendant fails to cite to any record evidence regarding the specific pantry items and their value, defendant has failed to provide a factual basis for his claim and he has thus abandoned this issue on appeal. *McIntosh v McIntosh*, 282 Mich App 471, 484; 768 NW2d 325 (2009); *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 388; 689 NW2d 145 (2004).

Moreover, although the record discloses that defendant mentioned the pantry items to the trial court, defendant did so for the first time after the conclusion of the trial and after the trial court had already divided the couple's disputed property. Even then, defendant provided no evidence related to these items or their value, and instead made general, unsubstantiated references to "china" and various "odds and ends." At that time, the trial court made the factual determination that it had been given no evidence of items in the pantry at trial and, in light of our review of the record and defendant's failure to point to any record evidence to the contrary, we see no clear error in this factual finding. See *Hodge*, 303 Mich App at 554.

Given that neither party presented evidence of items in the pantry at trial or specifically requested division of these items, the trial court cannot be said to have clearly erred when it failed to expressly divide each item in the pantry between the parties. See generally *Woodington*, 288 Mich App at 364. "The trial court is to see that the parties receive a fair trial, and cannot be responsible for what is presented in evidence and what is not. Its role is that of factfinder, not fact provider." *Perrin v Perrin*, 169 Mich App 18, 23; 425 NW2d 494 (1988). In other words, defendant had ample opportunity to pursue discovery and present evidence to the trial court. If defendant wanted particular items in the pantry specifically divided as part of the marital estate, he should have identified those items at trial, presented evidence of their value, and asked the trial court to divide those items along with the other items of personal property specifically identified by the parties for division. See generally *Wiand v Wiand*, 178 Mich App 137, 149; 443 NW2d 464 (1989). In the absence of evidence regarding the purported items in the pantry and the value of those items, we cannot see how the trial court erred by failing to specifically divide this property, and we see no abuse of discretion in the trial court's equitable determination that, aside from the specific personal property itemized for division, the parties would otherwise retain the personal property in their respective possessions, thus including any pantry items currently in plaintiff's possession. See *Woodington*, 288 Mich App at 355. In these circumstances, defendant has not shown that he is entitled to relief on appeal.

Regarding defendant's assertion that the trial court erred by failing to include in the judgment of divorce a provision for the appointment of an appraiser to oversee distribution of the non-itemized personal property, defendant misrepresents or misunderstands the record when he asserts that there was an oral ruling to this effect by the trial court. In particular, defendant claims that the trial court orally decided to appoint an appraiser to oversee distribution of non-itemized personal property but then failed to incorporate this oral determination in the final judgment of divorce. In actuality, while the trial court indicated during a discussion of a potential attorney fee award for plaintiff that it *wished* that it had appointed an appraiser early in the proceedings, the trial court's oral opinion regarding the division of the personal property did not include a conclusion that an appraiser should oversee the division of property that was not listed by the parties for division by the trial court. Accordingly, defendant's argument must fail because he has not demonstrated the factual basis for his arguments on which he is seeking reversal. See *Petraszewsky v Keeth (On Remand)*, 201 Mich App 535, 540; 506 NW2d 890 (1993).

In sum, defendant has not shown clear error in the trial court's findings of fact and, because there was no evidence of any personal property within the pantry of the marital home or the value of that purported property, the trial court's dispositive ruling regarding the division of personal property was fair and equitable in the light of the facts of this case. See *Woodington*, 288 Mich App at 355.

Affirmed. Having prevailed in full, plaintiff may tax costs pursuant to MCR 7.219.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray

-3-