# STATE OF MICHIGAN

# COURT OF APPEALS

---

CLINTON C. RUSSELL,

        Plaintiff/Counter Defendant-
        Appellee,

v

GEORGETTE R. RUSSELL,

        Defendant/Counter Plaintiff-
        Appellant.

UNPUBLISHED
April 26, 2016

No. 325405
Clare Circuit Court
LC No. 13-900471-DM

---

Before: SAWYER, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this divorce action, defendant appeals as of right from an amended judgment of divorce. At issue is the trial court's decision to award half of defendant's severance package to plaintiff. We affirm.

The parties were married in 2002 and had three children. In 2009, plaintiff voluntarily left his job to become a stay-at-home parent. In 2013, plaintiff filed for divorce and defendant moved out of the marital home. In June 2014, the parties entered into a property settlement agreement and proceeded to trial on the issues of child custody, child support, and spousal support. A bench trial was conducted over two days, the first proceeding held in June and the second in August. Between the June and August proceedings, defendant's employer underwent a merger and defendant was let go from her job. Defendant signed a release agreement with her former employer that provided a severance payment equal to five months of her previous wage and the monetary value of her accrued paid time off and obtained new employment with a significant salary decrease.

On the last day of the bench trial, plaintiff told the court that he had just learned of defendant's change in employment. Plaintiff requested, and the court granted, 14 days to further explore the matter after which plaintiff moved for a new trial on the ground that he would not have entered the settlement agreement had he known about the severance package. Although the

court concluded that a new trial would not be granted[1], it found that the severance package was part of the marital estate and, under MCR 2.612(1)(f), awarded plaintiff half of the package. An amended judgment of divorce incorporating that ruling was subsequently entered and defendant's motion for reconsideration was denied.

Defendant first argues that the trial court erred in finding that the severance package was part of the marital estate. "We review for clear error a trial court's findings of fact regarding whether a particular asset qualifies as marital or separate property." *Woodington v Shokoohi*, 288 Mich App 352, 357; 792 NW2d 63 (2010). "Findings of fact are clearly erroneous when this Court is left with the definite and firm conviction that a mistake has been made." *Id*.

"Generally, assets earned by a spouse during the marriage are properly considered part of the marital estate and are subject to division, but the parties' separate assets may not be invaded." *Korth v Korth*, 256 Mich App 286, 291; 662 NW2d 111 (2003). An asset received after the judgment of divorce is part of the marital estate if it was earned during the marriage. *Byington v Byington*, 224 Mich App 103, 110; 568 NW2d 141 (1997). However, an asset received during the marriage is separate property if it is compensation for work to be performed after the marriage is ended. *Skelly v Skelly*, 286 Mich App 578, 583; 780 NW2d 368 (2009).

The fact that the parties are separated when an asset is received does not change the general rule that an asset earned during the marriage is part of the marital estate. *Byington*, 224 Mich App at 103. In *Byington*, the spouses were living in different states when the plaintiff filed for divorce. *Id*. at 106-107. The parties agreed to hold the proceedings in abeyance due to extenuating circumstances. *Id*. at 107. When the proceedings recommenced, the trial court excluded from the marital estate a $2 million compensation package earned by the defendant after the divorce action had been filed. *Id*. at 109. This Court reversed, reasoning that an "asset earned by a spouse before the entry of a judgment of divorce . . . is marital property and is properly considered part of the marital estate." *Id*. at 110. The Court stated that manifestations by the parties of their intent to lead separate lives should only be considered when apportioning the marital estate. *Id*. at 113-114.

The release agreement at issue here provides that defendant is to "receive five months of wage continuation . . . paid as regular bi-weekly severance." Contrary to defendant's assertion, this severance was not paid solely to continue plaintiff's income so that she could find alternative employment but was paid, in part, in consideration of defendant's agreement to release and discharge her employer "from all claims, known or unknown, which arose or existed at any time before [defendant] signed this Agreement." Upon signing this agreement and subsequently severing her employment, defendant accrued a right to the severance payments. As this release agreement was signed in consideration of potential claims resulting from the employer's past conduct and defendant's separation from her former employer was effective prior to the parties'

---

[1]The defendant had made plaintiff aware during the negotiations that her employer was seeking a merger with another company and she was unsure as to whether she would remain employed with the employer after the merger. Accordingly, the trial court denied plaintiff's request for new trial under MCR 2.611(1)(f).

divorce, we cannot find the trial court erred in determining that "the net proceeds [of the severance package at issue] were accrued during the marriage," *McNamara v Horner (After Remand)*, 255 Mich. App. 667; 671, 662 N.W.2d 436, 438 (2003), and were therefore part of the marital estate. *Byington*, 224 Mich App at 110. That the parties were separated when defendant accrued the right to these payments does not render the severance package separate property; rather, the parties' separation is a consideration to be weighed when apportioning the marital estate. *Id*. at 113-114.

Defendant alternatively argues that the court's decision to award plaintiff 50% of the severance package was excessive. "The goal in distributing marital assets in a divorce proceeding is to reach an equitable distribution of property in light of all the circumstances." *Gates v Gates*, 256 Mich App 420, 423; 664 NW2d 231 (2003). "The division need not be mathematically equal, but any significant departure from congruence must be clearly explained by the trial court." *Id*.

When dividing the marital estate, it is appropriate for the circuit court to consider the following non-exhaustive factors:

> (1) duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principles of equity . . . [*Sparks v Sparks*, 440 Mich 141, 159-160; 485 NW2d 893 (1992).]

"The significance of each of these factors will vary from case to case, and each factor need not be given equal weight where the circumstances dictate otherwise." *Byington*, 224 Mich at 115. "Indeed, there will be many cases where some, or even most, of the factors will be irrelevant." *Sparks*, 440 Mich at 159. Additionally, courts may appropriately consider the parties' manifestations of their intent to lead separate lives when dividing an asset acquired by a spouse during the separation. *Byington*, 224 Mich App at 113-114.

> As a practical matter . . . the factor of the "contribution of each party to the marital estate" will generally take on increasing significance with regard to property acquired after such a manifestation. Generally, a court can expect to find a significantly lesser contribution by the nonacquiring spouse with respect to property acquired after public manifestation of an intent to lead separate lives than with respect to property acquired before such a manifestation. Accordingly, in considering the *Sparks* factors with regard to property acquired after such a manifestation, we believe that courts will normally find the contribution factor to be a particularly significant factor. [*Id*. at 115.]

Applicable to the instant case, when the trial court is called upon to divide a single asset in the marital estate, the trial court should consider the disposition of the other assets in the estate in determining how to divide the asset. *Id*. at 116-117.

We review a trial court's division of marital property under the clearly erroneous standard. *Pickering v Pickering*, 268 Mich. App. 1, 7; 706 N.W.2d 835, 839-40 (2005). "The

court's dispositional ruling should be affirmed unless this Court is left with the firm conviction that the division was inequitable." *Id.*

The trial court noted that the parties' settlement divided their other marital property "approximately 50/50." Moreover, the court acknowledged that defendant would be paying less child support due to her new job but that, given the age and health of the parties, both parties were expected to have a significant post-divorce employment history. The trial court noted that the marriage lasted approximately twelve years. During that time both parties contributed to the marital estate with the plaintiff assuming the role of primary caretaker to the couple's home and children in the latter years of the marriage, while the defendant embraced the role of primary wage earner. While defendant's employment was severed while the parties were separated, the trial court reasoned that the severance package was earned, in part, due to plaintiff's contributions to the family and home during the marriage which allowed defendant to continue in her employment. Upon this record, we therefore cannot conclude that the trial court's division was inequitable. Plaintiff may tax costs. MCR 7.219(A).

Affirmed.

/s/ David H. Sawyer
/s/ William B. Murphy
/s/ Amy Ronayne Krause

-4-